COMMONWEALTH vs. TARI RICHARDSON. June 11, 2009. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Jury and jurors.

The Commonwealth appeals from a judgment of a single justice of this court denying its petition under G. L. c. 211, § 3. We affirm.

A jury convicted Tari Richardson of armed assault with intent to murder, in violation of G. L. c. 265, § 18 (*b*), and unlawful possession of a firearm, in violation of G. L. c. 269, § 10 (*a*).[1] According to the Commonwealth, when the jury read the verdicts, Richardson and his family "exploded with anger." The jury were escorted out of the court room, and police officers were called in to subdue Richardson's family. A few days later, in a separate, jury-waived proceeding, the trial judge found Richardson guilty of unlawful possession of a firearm, subsequent offense, in violation of G. L. c. 269, § 10 (*a*), and committing a firearms violation after having been previously convicted of a violent crime, in violation of G. L. c. 269, § 10G (*b*).

Richardson filed a notice of appeal from his convictions. He also filed, approximately two weeks after the jury were discharged, a "motion to inquire of jurors or for alternative relief," in which he sought to inquire of the jurors whether any of them had been subjected to extraneous influences. The motion was supported by an affidavit from Richardson's brother stating that during the morning recess on the first day of the trial, he overheard a woman talking on her cellular telephone say that the prosecutor who was trying Richardson's case was her boss's brother or cousin. Richardson's brother recognized the woman from the court room but was not sure if she was a juror; he did aver, however, that the woman was in the company of a man whom he recognized to be a juror.

The judge held a hearing on Richardson's motion. Over the Commonwealth's objection, based in part on the Commonwealth's concern for juror safety, the judge allowed so much of Richardson's motion as to permit defense counsel to obtain copies of existing photographs of the jurors from public records and to show them to Richardson's brother, with a representative of the Commonwealth present. The photographs were to be devoid of any identifying information (e.g., names, addresses, Social Security numbers). The judge also clearly stated that even if Richardson's brother identified one of the jurors as the woman he had overheard speaking on her cellular telephone, that would not necessarily lead to a jury voir dire and that a determination would still have to be made as to whether there was credible information giving rise to a suggestion that a juror was affected by extraneous influences. The Commonwealth then filed a G. L. c. 211, § 3, petition, seeking to have the judge's order vacated, which a single justice summarily denied without a hearing.

In its appeal from the single justice's judgment, the Commonwealth asserts that G. L. c. 211, § 3, provides the only avenue for seeking review of the judge's decision. Even if this is so, "[t]he fact that the Commonwealth has no other remedy does not make [G. L.] c. 211, § 3, review automatic." *Commonwealth* v. *Cook,* 380 Mass. 314, 319 (1980). As we stated in the *Cook* case, "We have rarely allowed Commonwealth appeals of interlocutory matters under our supervisory powers. . . . We will review interlocutory matters in criminal cases only when 'substantial claims' of 'irremediable' error are presented . . . and only in 'exceptional circumstances' . . . where 'it becomes

---

[1]The jury also convicted Richardson of assault by means of a dangerous weapon, in violation of G. L. c. 265, § 15B (*b*), but the charge was subsequently dismissed as duplicative of the armed assault with intent to murder charge.

necessary to protect substantive rights.' " (Citations omitted.) *Id.* at 319-320, quoting *Commonwealth* v. *Barber*, 353 Mass. 236, 239 (1967).

The Commonwealth argues that it has a substantial interest in protecting jurors from any unwarranted postconviction risk to their safety as well as a substantial interest in maintaining the integrity of the jury trial process. These interests, as important as they are, do not always give rise to the type of "exceptional circumstances" that warrant the exercise of this court's supervisory powers. The Commonwealth does not argue that there is a systemic problem regarding postconviction inquiries of jurors or that the judge's fact-specific decision in this case will have any kind of wide-ranging impact. The judge's ruling in this case allowed only for a preliminary step to be taken in an effort to determine whether there was juror misconduct, and the judge put in place various safeguards that, in his discretion, he determined to be necessary and sufficient to protect the jurors' safety and the interests of the Commonwealth.

No party, including the Commonwealth, should expect this court to exercise its extraordinary power of general superintendence lightly. See *Commonwealth* v. *Narea, ante* 1003, 1004 n.1 (2009). In the circumstances of this case, the single justice properly declined to employ that power to review a relatively routine trial court ruling. Cf. *Commonwealth* v. *Yelle*, 390 Mass. 678, 687 (1984) ("General Laws c. 211, § 3, relief is not a means for second guessing a trial judge's evidentiary rulings").

*Judgment affirmed.*

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

*John S. Redden*, Committee for Public Counsel Services, for the defendant.