COMMONWEALTH *vs.* ERIC SNOW & another.[1] April 20, 2010. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts. *Practice, Criminal,* Grand jury proceedings, Indictment, Conduct of government agents.

The Commonwealth appeals from a judgment of a single justice of this court denying its petition pursuant to G. L. c. 211, § 3. We affirm.

Eric Snow and James Winquist were indicted for murder, in September, 2007, in connection with the deaths of two men whose bodies were discovered in a park in Hingham. In December, 2008, Snow filed a motion to dismiss the indictments, which Winquist later joined, arguing prosecutorial misconduct during the course of the grand jury proceedings. The defendants argued that the Commonwealth's presentation of evidence to the grand jury was misleading and that the Commonwealth withheld exculpatory evidence, in violation of *Commonwealth* v. *O'Dell,* 392 Mass. 445 (1984); and that the Commonwealth knowingly presented false testimony, in violation of *Commonwealth* v. *Salman,* 387 Mass. 160 (1982).

The defendants also sought an evidentiary hearing on the motion to dismiss. A judge in the Superior Court allowed the request for a hearing, over the Commonwealth's objection. The defendants stated their intent to call six law enforcement officers — four police officers and two parole officers — and four civilians as witnesses at the hearing. Initially, the judge indicated that the defendants could call the law enforcement officers, and he reserved for later a decision as to whether they could also call the civilian witnesses. After the law enforcement witnesses testified, and after further consideration, the judge ruled that he would also allow the four civilian witnesses to testify. The Commonwealth then filed a G. L. c. 211, § 3, petition, seeking relief from the judge's order allowing the testimony of the civilian witnesses. A single justice denied the petition.

In its appeal from the judgment entered by the single justice, the Commonwealth argues that G. L. c. 211, § 3, provides the only means by which it can seek review of the judge's decision. That, however, is not dispositive of the question whether the use of G. L. c. 211, § 3, was appropriate in these circumstances. "The fact that the Commonwealth has no other remedy does not make [G. L.] c. 211, § 3, review automatic." *Commonwealth* v. *Richardson,* 454 Mass. 1005, 1005 (2009), quoting *Commonwealth* v. *Cook,* 380 Mass. 314, 319 (1980). "We will review interlocutory matters in criminal cases only when 'substantial claims' of 'irremediable' error are presented . . . and only in 'exceptional circumstances,' . . . where 'it becomes necessary to protect substantive rights' " (citations omitted). *Commonwealth* v. *Cook,*

[1]James Winquist.

*supra* at 320, quoting *Barber* v. *Commonwealth*, 353 Mass. 236, 239 (1967). We recently reiterated in *Commonwealth* v. *Richardson, supra*, that "[n]o party, including the Commonwealth, should expect this court to exercise its extraordinary power of general superintendence lightly." *Id.* at 1006. See *Commonwealth* v. *Narea*, 454 Mass. 1003, 1004 n.1 (2009).

The Commonwealth argues that the judge erred in allowing the defendants' request for an evidentiary hearing because the defendants have not made the requisite preliminary showing that false testimony was presented to, or that exculpatory evidence was withheld from, the grand jury. See *Commonwealth* v. *Salman, supra* at 166. It also expresses a concern for the safety of the civilian witnesses, two of whom, according to the Commonwealth, have been relocated through the Commonwealth's witness protection program. Additionally, one of those witnesses is, according to the Commonwealth, the victim of a related crime for which Snow has been indicted — intimidating a witness. These interests regarding witness safety, "as important as they are, do not always give rise to the type of 'exceptional circumstances' that warrant the exercise of this court's supervisory powers." *Commonwealth* v. *Richardson, supra* at 1006. While it is also true, as the Commonwealth states, that the witnesses might not wish to have to appear in court to testify against the defendants on more than one occasion (at the evidentiary hearing and at trial), this is not a "substantive right" that warrants the exercise of this court's extraordinary power of general superintendence pursuant to G. L. c. 211, § 3.

The Superior Court judge's rulings — to allow the defendants' motion for an evidentiary hearing; to allow the defendants initially to call only law enforcement officers as witnesses; and, after those witnesses had testified, and upon further consideration, to allow the civilian witnesses to testify as well — were the type of routine, discretionary rulings made by judges in criminal cases throughout the Commonwealth daily. The single justice determined that in making these garden-variety rulings, the judge had not abused his discretion. Nothing in the Commonwealth's arguments before this court demonstrates that the single justice, in turn, abused her discretion or otherwise erred in denying the Commonwealth's G. L. c. 211, § 3, petition.[2]

*Judgment affirmed.*

*John E. Bradley*, Assistant District Attorney (*Suzanne D. McDonough*, Assistant District Attorney, with him) for the Commonwealth.

*Stephen Neyman* for James Winquist.

*Robert S. Sinsheimer* for Eric Snow.

---

[2]The Commonwealth contends that motions to dismiss indictments pursuant to *Commonwealth* v. *O'Dell*, 392 Mass. 445 (1984), have become routine in the Superior Court; often do not have a legitimate basis; and clog up the criminal justice system. The Commonwealth thus attempts to portray this as a systemic issue appropriate for consideration under G. L. c. 211, § 3. See *Commonwealth* v. *Richardson*, 454 Mass. 1005, 1006 (2009). The Commonwealth, however, provides no record support at all for this proposition.

