COMMONWEALTH *vs.* HENRY SAMUELS. May 18, 2010. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Sentence.

The Commonwealth appeals from a judgment of a single justice of this court denying its petition for extraordinary relief pursuant to G. L. c. 211, § 3. We affirm.

*Background.* In 1998, Henry Samuels (defendant) was convicted in the Superior Court of home invasion, G. L. c. 265, § 18C, and other offenses that he committed in 1996. For his conviction of home invasion, he was sentenced to a term of imprisonment from twenty years to twenty years and one day. The Appeals Court affirmed his convictions and sentence. See *Commonwealth* v. *Samuels,* 51 Mass. App. Ct. 1115 (2001). In 2004, the defendant moved that the Superior Court "correct" his sentence, i.e., reduce it, in light of a 1998 amendment to the home invasion statute, St. 1998, c. 180, § 57, and in light of *Commonwealth* v. *Berte,* 57 Mass. App. Ct. 29 (2003). The Commonwealth expressly agreed at that time that the defendant was entitled to a reduction in his sentence even though the 1998 amendment became effective after the date

---

of the offense and after the defendant's conviction. The judge (who had also been the trial judge) reduced the defendant's sentence to a term of from eighteen to twenty years, nunc pro tunc to the date in 1998 when he had originally been sentenced.

Thereafter, the defendant appealed from the reduced sentence to the Appellate Division, arguing that, in light of his entitlement to the benefits of the 1998 amendment to the home invasion statute, he was entitled to credit he could have earned for good conduct from 1998 to 2004. At a hearing before the Appellate Division, the Commonwealth also expressly agreed that the defendant was entitled to this further reduction in his sentence "out of fairness and in the interest of justice." The defendant's entitlement to the benefits of the 1998 amendment to the home invasion statute was neither raised before nor addressed by the Appellate Division. In 2007, the Appellate Division reduced the defendant's sentence to a term of from fifteen to eighteen years, nunc pro tunc to his 1998 sentencing date.

In 2008, the Commonwealth, without explanation for its change of position, moved that the Appellate Division vacate its 2007 order, claiming for the first time that the defendant was entitled to no reduction in his sentence; that the version of G. L. c. 265, § 18C, applicable to the defendant included a mandatory minimum sentence of twenty years; and that the defendant's original sentence of from twenty years to twenty years and one day should be reinstated. The Appellate Division denied the motion. The Commonwealth then filed a similar motion in the Superior Court, which the trial judge denied. The Commonwealth also pressed the same claim in a petition filed in the county court, complaining that both the 2004 and the 2007 reductions had resulted in illegal sentences. The single justice denied the petition without a hearing, expressly concluding that the Commonwealth "ha[d] not established that this case calls for extraordinary relief under G. L. c. 211, § 3." The Commonwealth then appealed to the full court.

*Discussion.* We do not reverse a judgment of a single justice denying relief under G. L. c. 211, § 3, unless there was an "abuse of discretion or other error of law." *Commonwealth v. Cousin*, 449 Mass. 809, 815 (2007), cert. denied, 553 U.S. 1007 (2008). In this case, those prerequisites for relief were not present. The Commonwealth had adequate alternative remedies to the exercise of this court's extraordinary superintendence power. In both 2004 and 2007, the Commonwealth had the opportunity to oppose the defendant's requests for reductions in his sentence but failed to do so. In fact, at both times it agreed that the defendant was entitled to a reduction. Were it displeased with the 2004 reduction, the Commonwealth could have appealed, as it concedes, because the defendant's 2004 motion was in the nature of a motion made under Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001). See G. L. c. 278, § 28E; *Commonwealth v. Amirault*, 415 Mass. 112, 113-115 (1993) (Commonwealth allowed to appeal from order allowing motions to revise and revoke sentences); *Commonwealth v. Therrien*, 383 Mass. 529, 535 (1981) (Commonwealth may appeal from allowance of motion for postconviction relief under rule 30).

As for the 2007 reduction, the lack of a right of appeal from the Appellate Division's order, see G. L. c. 278, § 28B (decision of Appellate Division "shall be final"), does not entitle the Commonwealth to review under G. L. c. 211, § 3. See *Commonwealth v. Snow, ante* 1019, 1019 (2010); *Com-*

*monwealth* v. *Richardson*, 454 Mass. 1005, 1005 (2009), citing *Commonwealth* v. *Cook*, 380 Mass. 314, 319 (1980) (absence of alternative remedy does not make review under G. L. c. 211, § 3 automatic). See also *Hurley* v. *Superior Court Dep't of the Trial Court*, 424 Mass. 1008, 1009 (1997), citing *Leaster* v. *Commonwealth*, 385 Mass. 547, 549 (1982) ("Rarely should we employ our superintendence power to review rulings in matters in which the Legislature has expressly stated that the decision of another court or judge 'shall be final' "). This case is highly fact specific and does not raise a matter of systemic importance, such as the claim concerning the jurisdictional limits of the Appellate Division that we addressed in *Commonwealth* v. *Alfonso*, 449 Mass. 738, 741-742 & n.8 (2007).[1]

*Conclusion.* The single justice acted well within his discretion in declining to use the court's extraordinary superintendence power in this case, and did not otherwise err.

*Judgment affirmed.*

*Kris C. Foster*, Assistant District Attorney, for the Commonwealth.
*Michelle Menken* for the defendant.

---

[1]Moreover, unlike in *Commonwealth* v. *Alfonso*, 449 Mass. 738 (2007), here we are reviewing a judgment of a single justice, and the single justice expressly declined to exercise this court's general superintendence power to consider the alleged errors on the merits. The present appeal is strictly limited to a review of that ruling; it is not an opportunity for the Commonwealth simply to present the same arguments to this court that it pressed unsuccessfully in the county court. See *Brown* v. *Jayne*, 418 Mass. 1002 (1994) (petitioner improperly reargued case presented in county court instead of arguing that single justice abused his discretion or otherwise erred).