COMMONWEALTH *vs.* CASIMIRO BARROS. October 14, 2011. *Superior Court. Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Sentence, Appellate Division.

After the defendant was tried in the Superior Court, convicted of several offenses, and sentenced, he appealed from his sentences to the Appellate Division of the Superior Court. See G. L. c. 278, § 28B. The Appellate Division modified one of his three sentences.[1] The Commonwealth then filed a petition in the county court pursuant to G. L. c. 211, § 3, challenging the Appellate Division's decision. A single justice of this court denied the petition without a hearing, and the Commonwealth appeals. The sole, very limited question before us is whether the single justice committed a clear error of law or abused her discretion in denying the Commonwealth's petition. See *Fogarty* v. *Commonwealth,* 406 Mass. 103, 106 (1989), and cases cited ("Decisions of a single justice will not be disturbed on appeal absent clear error of law or abuse of discretion"). There being no error or abuse, we affirm the judgment of the single justice.

1. The governing statute, G. L. c. 278, § 28B, expressly states that the decisions of the Appellate Division "shall be final." The Commonwealth concedes that it could not have appealed as a matter of right to the appellate courts from the Appellate Division's decision. The fact that the Commonwealth could not appeal as a matter of right does not necessarily mean that it is entitled to review by way of this court's extraordinary power of general superintendence. *Commonwealth* v. *Snow,* 456 Mass. 1019, 1019-1020 (2010). *Commonwealth* v. *Richardson,* 454 Mass. 1005, 1005 (2009). *Commonwealth* v. *Cook,* 380 Mass. 314, 319 (1980) ("The fact that the Commonwealth has no other remedy does not make c. 211, § 3, review automatic"). "Rarely should we employ our superintendence power to review rulings in matters in which the Legislature has expressly stated that the decision of another court or judge 'shall be final.' " *Hurley* v. *Superior Court Dep't of the Trial Court,* 424 Mass. 1008, 1009 (1997). See *Commonwealth* v. *Samuels,* 456 Mass.

---

[1]The defendant was sentenced in the trial court to (i) a term of from nineteen and one-half to twenty years in State prison for his conviction of voluntary manslaughter; (ii) a term of from eight to ten years for his conviction of assault and battery by means of a dangerous weapon, to be served from and after the sentence for the manslaughter; and (iii) a term of from four to five years for his conviction of unlawfully carrying a firearm, to be served from and after the sentence for voluntary manslaughter and concurrent with the sentence for assault and battery by means of a dangerous weapon. The Appellate Division reduced the sentence for assault and battery by means of a dangerous weapon to from four to five years. It left the other two sentences intact.

1025 (2010) (rejecting Commonwealth's attempt to obtain review of Appellate Division decision pursuant to G. L. c. 211, § 3).

2. The single justice correctly determined that this is not the rare case requiring superintendence review. The Commonwealth first claims that reduction of the sentence by the Appellate Division was improper because the record before it was too sparse — in comparison to the record that was before the trial judge — to allow it to make a determination that the original sentence was too harsh.[2],[3] This is not a claim generally suitable for consideration under c. 211, § 3. While this court and the Appeals Court have the power and responsibility to correct unconstitutional or otherwise illegal sentences — see *Commonwealth* v. *Cowan*, 422 Mass. 546, 547 (1996); *Commonwealth* v. *Molino*, 411 Mass. 149, 155-156 (1991); *Commonwealth* v. *Sanchez*, 405 Mass. 369, 379 n.7 (1989) — we have no authority to review a sentence that is within the permissible range of sentences set by a statute for a given offense and is otherwise lawful. That is exclusively in the domain of the Appellate Division. *Commonwealth* v. *Sanchez, supra. Commonwealth* v. *Coleman*, 390 Mass. 797, 804 (1984). *Commonwealth* v. *Franks*, 365 Mass. 74, 81 (1974). The Appellate Division judges, applying their collective wisdom and years of experience, were satisfied they had sufficient information on which to base their sentencing decision. We are no more inclined (or required) to reverse that highly discretionary, fact-specific determination than we would be to reverse a sentence imposed by a trial judge that the Commonwealth believed was unsupported. See *Hicks* v. *Commonwealth*, 345 Mass. 89, 91-92 (1962), cert. denied, 374 U.S. 839 (1963). Here, the reduction of one of the defendant's three sentences was within the permissible sentencing range, and there is no indication in the record that it was in any way unconstitutional or otherwise illegal.[4]

3. The single justice also correctly declined to employ the extraordinary power of general superintendence to address the Commonwealth's second claim, that the Appellate Division ought to be required to provide an express

---

[2]The transcript of the hearing before the Appellate Division makes it clear that the judges of the Appellate Division correctly understood their role, and we think it implicit in their decision to reduce one of the sentences that they determined the sentence was too harsh. Nothing in any rule, statute, or the Constitution required them to make an express finding to that effect. Cf. *Gavin* v. *Commonwealth*, 367 Mass. 331 (1975) (holding that Appellate Division is not required to issue statement of reasons for its decisions).

[3]The Guidelines for Appellate Division Proceedings specify a variety of types of information, from different sources, that the Appellate Division may consider. Massachusetts Rules of Court at 1493-1494 (West 2011). The Commonwealth does not contend that it was denied an opportunity to supply relevant information called for by the Guidelines. Moreover, the Commonwealth did not even argue before the Appellate Division the point that it is making now: that the record before the Appellate Division was inadequate for it to grant the relief the defendant was seeking.

[4]Nor is there anything in the Commonwealth's argument or in the record suggesting an issue of systemic concern warranting general superintendence review. For all that appears, the Commonwealth is simply dissatisfied with the Appellate Division's decision in this particular case to reduce one of the three sentences. Compare *Commonwealth* v. *Samuels*, 456 Mass. 1025, 1027 (2010) ("This case is highly fact specific and does not raise a matter of systemic importance, such as the claim concerning the jurisdictional limits of the Appellate Division that we addressed in *Commonwealth* v. *Alfonso*, 449 Mass. 738, 741-742 & n.8 [2007]").

statement of reasons for making its decision. It is settled that there is nothing in the statute or in the Constitution that requires a statement of reasons. *Gavin* v. *Commonwealth*, 367 Mass. 331 (1975), and cases cited. We have left it to the Superior Court to weigh the competing considerations and to determine as a matter of its rule-making authority under G. L. c. 278, § 28B, whether to require a statement of reasons as an administrative matter. *Id.* at 343-344. The Superior Court developed the Guidelines for Appellate Division Proceedings, which do not require a statement of reasons. The situation here is certainly not so egregious that the single justice was compelled to call for a statement of reasons in this particular case. See *id.* at 343 n.12.

4. Finally, the Commonwealth represents that statutes in some other jurisdictions allow the State to appeal from sentences that it believes are too lenient. That is not the law in Massachusetts. The single justice was not obligated to tackle that issue as a matter of general superintendence.

5. The Commonwealth has not demonstrated that the single justice clearly erred as a matter of law or abused her discretion. See *Commonwealth* v. *Samuels, supra* at 1027 n.1 ("The present appeal is strictly limited to a review of that ruling; it is not an opportunity for the Commonwealth simply to present the same arguments to this court that it pressed unsuccessfully in the county court").

*Judgment affirmed.*

*Kris C. Foster*, Assistant District Attorney (*Edmond Zabin*, Assistant District Attorney, with her) for the Commonwealth.

*Christopher P. Belezos* for the defendant.