# RESCRIPT OPINIONS.

COMMONWEALTH *vs*. TOBIAS T., a juvenile. COMMONWEALTH *vs*. VICENTE V., a juvenile. April 12, 2012. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Venue.

The Commonwealth appeals from judgments of a single justice of this court denying its petitions under G. L. c. 211, § 3. We affirm.

The juveniles have been charged with murder and other offenses in the Barnstable County Division of the Juvenile Court Department. They filed motions for a change of venue pursuant to Mass. R. Crim. P. 37 (b), as appearing in 378 Mass. 914 (1979), arguing that extensive pretrial publicity precluded the possibility of fair and impartial trials in Barnstable County. A Juvenile Court judge allowed the motions, over the Commonwealth's objection, and trials were scheduled in Plymouth County. The Commonwealth thereafter filed G. L. c. 211, § 3, petitions, arguing that the judge abused his discretion in allowing the motions. In the Commonwealth's view, the juveniles have not shown that pretrial publicity will deprive them of fair trials in Barnstable County. Furthermore, the Commonwealth claims that the judge should have at least tried to seat an impartial jury before allowing a change of venue. The single justice concluded that the judge had not abused his discretion and denied the petitions.

We note first that the Commonwealth has failed to show that these cases merit exercise of this court's powers under G. L. c. 211, § 3. "No party, including the Commonwealth, should expect this court to exercise its extraordinary power of general superintendence lightly." *Commonwealth* v. *Richardson*, 454 Mass. 1005, 1006 (2009). The Commonwealth does not contend that this case involves substantial claims of irremediable error, or a repeated or systemic misapplication of the law; the record reveals no other consideration making this court's intervention "necessary to protect substantive rights." *Commonwealth* v. *Snow*, 456 Mass. 1019, 1019 (2010), quoting *Commonwealth* v. *Cook*, 380 Mass. 314, 320 (1980).

The Commonwealth argues only that G. L. c. 211, § 3, provides the sole means by which it can seek review of the judge's decision. While such a showing is necessary to obtain review under the statute, it is not itself sufficient. *Id.* See *Commonwealth* v. *Barros*, 460 Mass. 1015, 1015-1016 (2011); *Commonwealth* v. *Samuels*, 456 Mass. 1025, 1026 (2010); *Commonwealth* v. *Richardson, supra* at 1005-1006, quoting *Commonwealth* v. *Cook, supra* at 319-320.

In any event, the Commonwealth would not be entitled to relief on the merits. To obtain a change in venue, "a defendant must show that in the totality of the circumstances," pretrial publicity is so extensive and prejudicial as

to "deprive[] him of his right to a fair trial." *Commonwealth* v. *McCowen,* 458 Mass. 461, 476 (2010), quoting *Commonwealth* v. *James,* 424 Mass. 770, 775 (1997). A trial judge "has substantial discretion in deciding whether to grant a motion for a change of venue." *Commonwealth* v. *McCowen, supra* at 475. Further, "[t]he present appeal is strictly limited to a review of [the single justice's] ruling," *Commonwealth* v. *Samuels, supra* at 1027 n.1, and "[w]e do not reverse a judgment of a single justice denying relief under G. L. c. 211, § 3, unless there was an 'abuse of discretion or other error of law.' " *Id.* at 1026, quoting *Commonwealth* v. *Cousin,* 449 Mass. 809, 815 (2007), cert. denied, 553 U.S. 1007 (2008).

As explained in the memoranda issued by the motion judge and the single justice, the record in the present actions suggests extensive pretrial publicity. Much of this publicity was hostile to the juveniles. On this record, we are not persuaded that the orders below constitute an abuse of discretion by either judge.

Nor was there any other apparent error of law. Nothing in rule 37, or in our decisional law interpreting that rule, requires a judge as a matter of law to try to seat an impartial jury before ordering the transfer of a case. Whether to do so is a matter of discretion for the judge, taking into account the unique facts and circumstances of each case.

The cases involve no discernible errors, and certainly none requiring extraordinary relief.

*Judgments affirmed.*

*Julia K. Holler,* Assistant District Attorney, for the Commonwealth.

*John H. Cunha, Jr.,* for Tobias T.

*William E. Gens* (*Mehmet Baysan* with him) for Vicente V.