COMMONWEALTH *vs.* CYNTHIA ELIAS. November 21, 2012. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Disclosure of identity of informer. *Moot Question*.

The Commonwealth appeals from a judgment of a single justice of this court denying its petition pursuant to G. L. c. 211, § 3. We affirm.

*Background.* The defendant was indicted for possession with intent to distribute heroin, in violation of G. L. c. 94C, § 32 (*a*), and for possession with intent to distribute heroin, subsequent offense, in violation of G. L. c. 94C, § 32 (*b*). The charges resulted from the execution of a search warrant at the defendant's home on April 14, 2010, where police officers found 108 glassine bags containing a tan powder. Field testing indicated that the powder was heroin.

The affidavit submitted in support of the search warrant application stated that, among other things, the police had conducted four controlled drug purchases from the defendant in March and April, 2010. The affidavit referred to five different confidential informants. The defendant filed a motion for disclosure of the identity of the informant involved in the alleged controlled purchases, referred to in the affidavit as CI#5. The defendant asserted that she was entitled to discover the identity of CI#5 because she intends to raise an entrapment defense at trial. In an affidavit submitted in support of her motion, the defendant stated that she believed that CI#5 is John Smith.[1] According to the defendant, Smith had "persistently" and "repeatedly and aggressively" telephoned and visited her in September and October, 2009, trying to "get" her to sell him drugs. She would tell him that she "did not have anything and was not doing anything," although she also stated that, "[a]t times, [she] did sell to him and get high with him . . . with drugs he would bring." From about September or October, 2009, until the day the search warrant was executed, Smith "would regularly come to [the defendant's] house with drugs and shoot them up." The defendant further stated that on the day the search warrant was executed, Smith was at her home before the police arrived; that he brought with him the bags of heroin subsequently discovered by the police; that as he was leaving her home he left the package containing the bags on her counter and asked her to sell the drugs for him; that she "declined at that time"; that he nonetheless left the packages there; and that he told her to "flush" them if the police came. The police arrived approximately ten minutes after Smith left.

The judge who acted on the defendant's motion did not allow it outright. Rather than require the Commonwealth to disclose the identity of CI#5, the judge ordered only that the Commonwealth confirm or deny whether CI#5 was Smith. The Commonwealth thereafter filed its G. L. c. 211, § 3, petition,

---

[1] A pseudonym.

seeking relief from the judge's order. The single justice denied the petition.[2]

*Commonwealth's G. L. c. 211, § 3, claim.* In appealing from the single justice's judgment, the Commonwealth argues that the defendant has not demonstrated that the privilege protecting confidential informants should be pierced in this case. The basis for the argument is that because the charges against the defendant stem from the discovery of drugs in her home, and not from the controlled purchases that involved CI#5, the defendant has not shown that disclosure of the identity of CI#5 will provide her with material evidence needed for a fair presentation of her case. The Commonwealth also argues that the defendant "failed to meet her burden on the ground that she made no allegations concerning any conduct by CI#5" and that she did not produce even "some" evidence that CI#5 "induced her to commit the charged crime."[3]

"The government's privilege not to disclose the identity of an informant has long been recognized in this Commonwealth" (citation omitted). *Commonwealth* v. *Madigan*, 449 Mass. 702, 705-706 (2007). "The privilege 'serves a substantial, worthwhile purpose in assisting the police in obtaining evidence of criminal activity' " and therefore "should be respected as far as reasonably possible consistent with fairness to a defendant." *Id.* at 706, quoting *Commonwealth* v. *Douzanis*, 384 Mass. 434, 441 (1981). The privilege is not, however, absolute. Disclosure is required in limited circumstances where it will provide "material evidence needed by the defendant for a fair presentation of his case to the jury." *Commonwealth* v. *Madigan*, *supra*, quoting *Commonwealth* v. *Lugo*, 406 Mass. 565, 571-572, 574 (1990). In this case, the information is material to the defendant's entrapment defense.

"The threshold for a defendant to raise the entrapment issue is low . . . ." *Commonwealth* v. *Madigan*, *supra* at 707, quoting *Commonwealth* v. *Tracey*, 416 Mass. 528, 536 (1993). "The inquiry is whether there is any evidence sufficient to raise the defense, even if the evidence is unsubstantial and even if

---

[2]The Commonwealth states in its brief that it is "established" that a petition pursuant to G. L. c. 211, § 3, is the appropriate means by which it may seek relief from an order requiring disclosure of the identity of a confidential informant, and that G. L. c. 211, § 3, provides the only means by which the Commonwealth can seek review of the trial judge's decision. As we have stated repeatedly, "[t]he fact that the Commonwealth has no other remedy does not make [G. L.] c. 211, § 3, review automatic." *Commonwealth* v. *Richardson*, 454 Mass. 1005, 1005 (2009), quoting *Commonwealth* v. *Cook*, 380 Mass. 314, 319 (1980). The single justice exercised her discretion in considering the Commonwealth's petition on the merits. "A single justice, in his or her discretion, may also properly decline to employ the court's extraordinary power of general superintendence where exceptional circumstances are not present," and "[n]o party, including the Commonwealth, should expect that the court will exercise its extraordinary power of general superintendence lightly." *Commonwealth* v. *Narea*, 454 Mass. 1003, 1004 n.1 (2009).

[3]As the Commonwealth is aware, this interlocutory appeal is governed by S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The Commonwealth failed to file a memorandum pursuant to that rule in this court, as required. The Commonwealth filed its memorandum in the county court. Neither the full court nor the single justice acted on the memorandum. The Commonwealth's statement in its brief that this court "allowed the Commonwealth's appeal" to proceed pursuant to rule 2:21 is therefore incorrect.

the evidence comes solely from the defendant's testimony." *Commonwealth* v. *Madigan, supra* at 708, quoting *Commonwealth* v. *Tracey, supra*. The defendant has met that threshold. Her affidavit provides " 'some' evidence of inducement by a government agent." *Commonwealth* v. *Madigan, supra*, citing *Commonwealth* v. *Miller*, 361 Mass. 644, 651 (1972). If the defendant's assertion that Smith was acting as a government agent is correct, it "has a direct relationship to [the] entrapment defense." *Commonwealth* v. *Madigan, supra* at 709. It is not CI#5's involvement in the controlled purchases, standing alone, that entitles the defendant to know whether CI#5 is Smith but, rather, her need to know whether Smith was acting as a government agent.[4]

The Commonwealth takes an unnecessarily restrictive view of the case, drawing too fine a line between the controlled purchases involving CI#5 and the discovery of drugs in the defendant's home. That the charges against the defendant arise from the discovery of drugs in her home rather than directly from the controlled purchases that preceded the search does not mean, as the Commonwealth would have it, that the identity of CI#5 is irrelevant. The defendant has indicated that she plans to assert an entrapment defense, stemming from her alleged interactions with Smith — his persistently urging her to sell him drugs in the months prior to the dates of the controlled purchases and his leaving the drugs at her home very shortly before the arrival of the police. To support such a defense, she needs to know whether Smith was acting at the direction of the government. That is, in its essence, what the judge's order requires the Commonwealth to indicate. It was for this reason that the single justice stated that CI#5 is a percipient witness, not to the charged offense per se, but to the claim of entrapment, which the single justice aptly characterized as "a material issue at trial."

Finally, the Commonwealth's arguments regarding the public policy considerations underlying protecting the identities of confidential informants are overstated on this record. Although the defendant's motion sought the identity of CI#5, the trial judge ordered the Commonwealth only to confirm or deny that CI#5 was a particular individual. If CI#5 is not, the Commonwealth does not have to disclose the informant's identity. The judge struck a balance and acted within his discretion in so doing. The single justice, in turn, did not abuse her discretion or otherwise err in denying the Commonwealth's G. L. c. 211, § 3, petition.[5]

*Commonwealth's claim concerning mootness.* After this case was argued, it was brought to our attention by the Commonwealth that the information that is the subject of the judge's order may have already been disclosed to the defendant. The Commonwealth suggests that this renders its appeal moot. We asked the parties to state their positions in writing on this point. Based on their submissions, we conclude that the Commonwealth has not properly

---

[4]We hold only that the defendant has met her burden for purposes of learning whether CI#5 is John Smith. We express no view on the substantive merits of her entrapment defense.

[5]The Commonwealth states in its brief that the single justice "mistakenly relied" on affidavits that the defendant "inappropriately included . . . in her presentation to the single justice." Those affidavits had been filed in the trial court in support of a different motion that the defendant had filed in that court challenging the search warrant affidavit. The single justice's reference to them is of no moment. The defendant's entitlement to know whether CI#5 was Smith does not stem from anything stated in those affidavits.

complied with the judge's order to date, and we therefore decline to dismiss the appeal as moot.

The defendant's counsel, in response to our request, indicates that the trial prosecutor had made an "off the record" statement to him that "the trooper [who] filed the affidavit [in support of the search warrant] denied that CI#5 was the person referenced in the defendant's affidavit"; that "the trooper reportedly said he was familiar with the person [who] was identified in the defendant's affidavit"; that the trial prosecutor "reported that this response would not be made on the record or confirmed or denied in an affidavit"; and that, true to the trial prosecutor's word, "the Commonwealth did not reduce any affirmation or denial to writing." Nowhere in the multiple affidavits and other material supplied by the Commonwealth does the Commonwealth refute counsel's recollection that any disclosure made to him was "off the record." Indeed, in an unsworn letter filed with this court, the trial prosecutor does not even confirm that he communicated this information explicitly; he leaves open the distinct possibility that he merely implied the answer. He acknowledges that he "relayed information that the investigators had indicated that the named individual was not the informant described in the search warrant," but he adds immediately thereafter that he does "not remember the words [he] used and cannot say whether [he] explicitly or implicitly conveyed that information." Presumably because his statement to counsel was "off the record," the trial prosecutor also indicates in his letter that he "never considered [his] conversation with defense counsel as providing a disclosure of informant information and it was [his] belief that defense counsel did not consider it to be one either. We continued to litigate the issue."

A statement made "off the record" in response to a judge's order requiring disclosure of information does not constitute proper compliance with the order. An "off the record" statement in such circumstances is obviously not intended by the declarant to be attributed or published, and it cannot be relied on as an official statement of the Commonwealth's position. See *Commonwealth v. Tremblay*, 460 Mass. 199, 213 (2011) (Gants, J., dissenting). That is especially true here, where the trial prosecutor who made the statement expressly disavows that it was intended to be compliance with the judge's order, and where he states that he does not even recall whether he conveyed the information explicitly *or implicitly*. For the Commonwealth to make a disclosure that complied with the judge's order, it would have had to have done so explicitly and officially — "on the record" — in a form that could be relied on by the defendant and her counsel.[6,7]

In sum, nothing in the various affidavits and material furnished by the

[6]If the Commonwealth had wished to make a disclosure that complied with the judge's order, while at the same time preserving the confidentiality of the informant information, it might have asked the judge for a protective order that would have kept its disclosure out of the public view. It did not do so. Making an "off the record" disclosure was not an adequate substitute.

[7]The disclosure made by the trial prosecutor to counsel was also inadequate to constitute compliance with the judge's order in another respect. Read in a light most charitable to the Commonwealth, the disclosure established only that the trooper and investigators had indicated that CI#5 was not the person identified by the defendant. That is different from saying that this was the Commonwealth's official litigation position for purposes of the prosecution. In other words, the order required more than just

Commonwealth persuades us that the Commonwealth has properly complied with the judge's order. In accordance with our decision today, affirming the single justice's denial of the Commonwealth's petition seeking relief from the judge's order, the Commonwealth shall now comply with the order forthwith.

*Judgment affirmed.*

*Gail M. McKenna,* Assistant District Attorney, for the Commonwealth.

*James M. Caramanica* for the defendant.

reporting what the trooper and investigators said; it required the Commonwealth to accept (or reject) that as its official position.

Similarly, the appellate prosecutor's statement in her affidavit to this court — that she has since "spoke[n] with the case officer, and confirmed that the information that [the trial prosecutor] disclosed to defense counsel was correct and should not have been disclosed" — is not adequate to demonstrate compliance with the judge's order.