COMMONWEALTH *vs.* JORDAN PLATT. December 26, 2012. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Discovery, Witness.

The Commonwealth appeals from a judgment of a single justice of this court denying, without a hearing, its petition for relief under G. L. c. 211, § 3. The case arises from a criminal proceeding in the Superior Court, in which Jordan Platt is charged with home invasion and other offenses. Platt has filed a motion to suppress an audio recording allegedly made by a key witness in violation of State and Federal wiretap laws. The witness is receiving witness protection services from the Commonwealth. After twice moving unsuccessfully for discovery of the witness's address, Platt moved for issuance of a summons to secure the witness's attendance at the suppression hearing. The Commonwealth objected. A judge in the Superior Court ordered that the Commonwealth file the witness's address with the court under seal so that a summons could be served in time for the suppression hearing, which at that time was scheduled for the following day.[1] The Commonwealth's G. L. c. 211, § 3, petition sought relief from this order.

Relief under G. L. c. 211, § 3, is extraordinary. "The fact that the Commonwealth has no other remedy does not make [G. L.] c. 211, § 3, review automatic. . . . We have rarely allowed Commonwealth appeals of interlocutory matters under our supervisory powers. . . . We will review interlocutory matters in criminal cases only when 'substantial claims' of 'irremediable' error are presented . . . and only in 'exceptional circumstances' . . . where 'it becomes necessary to protect substantive rights.' " *Commonwealth* v. *Richardson,* 454 Mass. 1005, 1005-1006 (2009), quoting *Commonwealth* v. *Cook,* 380 Mass. 314, 319-320 (1980). "No party, including the Commonwealth, should expect this court to exercise its extraordinary power of general superintendence lightly." *Commonwealth* v. *Richardson, supra* at 1006, citing *Commonwealth* v. *Narea,* 454 Mass. 1003, 1004 n.1 (2009).

Passing the question whether this case presents "exceptional circumstances," cf. *Commonwealth* v. *Jordan, ante* 1004, 1004 (2012) (danger of disclosing witness's alleged confidential informant status warranted review on merits), we conclude that the single justice did not err or abuse her discretion by denying relief. Information related to witness protection services may be disclosed pursuant to a valid court order. See 501 Code Mass. Regs. § 10.14(3) (2006). Here, the judge ordered that the witness's address be disclosed *only to the court,* not to Platt or his counsel, and that it be filed *under seal,* preventing broader dissemination of this information. The regulations also provide that "no document, record, or petition, in whatever form, generated by the [witness protection board] or by a prosecuting officer and related to witness protection services shall be a public record," further limiting disclosure of the witness's personal information. 501 Code Mass. Regs. § 10.14(1) (2006). Moreover, there appears to be no dispute that the witness's testimony would

---

[1]It appears that the witness has not designated an agent for service of process as provided in 501 Code Mass. Regs. § 10.11 (2006), but has agreed to accept service personally.

be material to Platt's motion to suppress the recording the witness made. The judge's order was narrowly tailored to securing the witness's attendance at the suppression hearing, and it was made with due regard for the witness's safety. In these circumstances, the judge was within his discretion to order this limited disclosure. Relief under G. L. c. 211, § 3, was properly denied.[2]

*Judgment affirmed.*

*William R. Connolly,* Assistant District Attorney, for the Commonwealth.

*Peter M. Onek,* Committee for Public Counsel Services, for the respondent.

---

[2]Although we affirm the denial of extraordinary relief, we add that it may be appropriate for the Superior Court judge to excuse the Commonwealth from providing the witness's address if the Commonwealth makes a binding commitment to the satisfaction of the judge to produce the witness at any future hearing where the judge deems the witness's attendance to be necessary.