The defendant, Pedro Duran Alix, appeals from an order denying his motion for new trial in which he argued that counsel, who represented him on a motion to suppress (suppression counsel),[2] was ineffective because he did not sufficiently investigate the allegations in an officer's affidavit in support of a search warrant. We affirm.
Background. The underlying search warrant and accompanying affidavit sought authorization to search the defendant's residence for evidence of heroin distribution. The affidavit was executed by a Salem police detective with substantial experience and training in narcotics investigations, after the police observed a confidential informant (who was working at the direction of the police) purchase heroin from the defendant.
The affidavit set forth that the confidential informant had informed the police that (1) a "short, Hispanic male named 'Pedro' was selling heroin in Salem," (2) Pedro drove a gray Saab-the same type of car the police knew to be registered under the defendant's name, and (3) Pedro was willing to arrange heroin deliveries over the phone. The affiant stated that the Salem police were "familiar with 'Pedro' due to involvements with the Salem [p]olice [d]epartment."
Within twenty-four hours of receiving this information, the police arranged to have the informant conduct a controlled purchase of heroin from the defendant. The informant called the defendant to arrange the sale. Immediately thereafter, the police set up surveillance both outside the defendant's residence and at the site of the proposed sale. The police observed the defendant leave his apartment building, enter his gray Saab, and drive to the agreed sale location, pulling up alongside the informant. The informant, who was also being surveilled by the police, then entered the defendant's vehicle, where he remained for approximately one minute before exiting. The police then observed the defendant drive back to his residence, park, and walk inside. After the sale, the police also followed the informant to a predetermined meeting location, where the informant produced a quantity of heroin purchased from the defendant.
The affidavit additionally described a second controlled purchase of heroin arranged by the confidential informant approximately one month later. The details of this purchase were essentially the same as the first.
The affidavit also set forth that, in 2010, the police had received several complaints regarding the defendant's heroin dealing, and that they had performed multiple controlled purchases of heroin from the defendant through an informant. The 2010 investigation was terminated after the defendant was arrested and incarcerated on other charges.
The application for the search warrant was allowed. During its execution, the police recovered six bags of heroin, along with other paraphernalia indicative of distribution activity.
The defendant was indicted on one count of possession with intent to distribute heroin, subsequent offense, G. L. c. 94C, § 32(b ), and one count of committing a drug violation within a school zone, G. L. c. 94C, § 32J. The indictments were based on the evidence gathered during the search pursuant to the warrant; the two 2012 controlled purchases by the informant were not charged.
Suppression counsel filed a pretrial motion to suppress evidence seized at the defendant's residence pursuant to the search warrant. Counsel argued that the detective's affidavit did not explain how the police confirmed that the substance purchased during the controlled purchases was heroin. He also challenged the sufficiency of the nexus between the controlled purchases and the defendant's residence. And, counsel argued that information from the 2010 investigation was stale, and that the informant was not credible or reliable. The defendant's affidavit filed in support of the motion stated that he had not consented to the search of his residence. The affidavit made no mention of the 2012 controlled purchases or the 2010 investigation.
The motion was denied on the grounds that (1) field testing was not required and reliance on an informant's representations as to the nature of the substance was permissible, (2) the two controlled buys established a sufficient nexus to the residence, and (3) the informant's information was corroborated by the 2012 controlled purchases, which were adequately supervised by the police. Suppression counsel filed two motions to reconsider the denial of the motion to suppress, both of which were denied.
After a jury trial in December, 2013, the defendant was convicted on both the possession with intent to distribute and the school zone charges. Following a jury-waived trial, a judge found that his possession with intent conviction was a subsequent offense. The defendant appealed. See Commonwealth v. Alix, 88 Mass. App. Ct. 1114 (2015). In the direct appeal, the defendant challenged the denial of the motion to suppress, arguing that the affidavit did not establish a nexus between his residence and his drug activity. We affirmed. Ibid.
Thereafter, he filed a motion for new trial, arguing that his suppression counsel was ineffective for failing to investigate the factual basis of the search warrant. The motion was denied, and this appeal followed.
Discussion. We review the denial of a motion for new trial claiming ineffective assistance of counsel by applying the familiar two-part test: (1) whether the defendant has demonstrated "serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and (2) whether counsel's poor performance "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
1. Investigation of the 2010 investigation and 2012 controlled buys. The defendant argues that suppression counsel was ineffective in failing to investigate the affiant's statements concerning the 2010 investigation. The defendant speculates that (1) further investigation of the statements regarding the 2010 investigation would have unearthed evidence contradicting the affidavit, and (2) this evidence would have forced a Franks hearing where it would have been possible to challenge the other assertions contained in the affidavit. See Franks v. Delaware, 438 U.S. 154, 155-156 (1978).[3] We disagree.
To begin, the record provides no basis to question the affiant's statements concerning the 2010 investigation.[4] Even were we to overlook this infirmity, the defendant's argument would nonetheless fail because the detailed description of the two controlled purchases in 2012 provided sufficient basis for a finding of probable cause. A Franks hearing would not have been required because the 2010 investigation was not "necessary to the finding of probable cause." Franks, 438 U.S. at 156. See Commonwealth v. Luthy, 69 Mass. App. Ct. 102, 103-108 (2007) (finding probable cause where police observed defendant engage in two controlled purchases, and informant also stated that the defendant was distributing drugs).
Concerning the 2012 controlled buys, the defendant's speculation that further investigation might have shown that the controlled purchases did not in fact occur, "without more, is not a sufficient basis to establish ineffective representation." Commonwealth v. Duran, 435 Mass. 97, 103 (2001).
2. Confidential informant. The defendant argues that suppression counsel was ineffective because he failed to challenge the reliability of the confidential informant. This argument is contradicted by the record, which shows that suppression counsel challenged the informant's veracity in the motion to suppress.
Nor was suppression counsel ineffective in failing to seek disclosure of the informant. Such disclosure was not required because the informant was not a percipient witness to the execution of the search warrant, the 2012 controlled purchases were not charged,[5] and the informant could not otherwise provide material evidence to the defense. See Commonwealth v. Lugo, 406 Mass. 565, 570-571 (1990). Contrast Commonwealth v. Elias, 463 Mass. 1015, 1016 (2012).
3. Ineffectiveness of appellate counsel. Because the defendant's arguments regarding the ineffectiveness of his suppression counsel are without merit, it follows that his appellate counsel was not ineffective when he did not raise the issues on direct appeal. See Breese v. Commonwealth, 415 Mass. 249, 256 (1993) ("Appellate counsel [is] not ineffective for choosing to forgo a meritless argument").
Order denying motion for new trial affirmed.

Before trial, suppression counsel withdrew, and the defendant was represented by different counsel for his trial.

Under Franks, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Franks, 438 U.S. at 155-156.

Instead, the defendant submits an electronic mail message (e-mail) from the police department to his appellate counsel, stating that the department does "not have any incidents and or arrests on file" regarding the defendant for June, 2010. This e-mail does not indicate that the 2010 investigation did not occur.

The defendant also argues that suppression counsel was ineffective because he did not use the police decision not to charge the defendant in connection with the 2012 controlled purchases to undermine the veracity of the affidavit. We do not agree that the decision not to charge the 2012 controlled buys has any tendency to prove that the purchases did not actually occur. See, e.g., Commonwealth v. DeMatos, 77 Mass. App. Ct. 727, 728, 735 (2010) (defendant was not charged for his conduct during controlled buys). Accordingly, suppression counsel did not render ineffective assistance by failing to make this argument.