NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13589

TRACEY ANNE SPICUZZA & others[1]  vs.  COMMONWEALTH & another.[2]

FREEDOM TO PROTEST COALITION & others[3]  vs.  COMMONWEALTH & another.[4]


May 2, 2024.


Supreme Judicial Court, Superintendence of inferior courts.  Constitutional Law, Freedom of speech and press.  Practice, Civil, Intervention.



     The petitioners in these consolidated cases appeal from a judgment of a single justice of this court denying their petitions for relief pursuant to G. L. c. 211, § 3.  On April 26, 2024, we issued an order affirming the judgment.  This opinion states the reasons for that order.[5]

     Background.  The petitions stemmed from the ongoing trial, in the Superior Court in Norfolk County, in Commonwealth vs. Karen Read, No. 2282CR00117.  Read has been indicted for murder,

---

     [1] Lorena Jenkinson, Dana Stewart Leonard, and Paul Cristoforo.

     [2] Karen Read.

     [3] Nicholas Rocco and Jon Silveria.

     [4] Karen Read.

     [5] We acknowledge the amicus briefs submitted by the American Civil Liberties Union of Massachusetts and by Bharani Padmanabhan.

among other crimes, and the case has garnered significant public interest, including protests and demonstrations in the vicinity of the court house complex.  In the course of the trial court proceedings, the Commonwealth filed a "Motion for Buffer Zone Surrounding Norfolk Superior Court and Request for Order Prohibiting Signs or Clothing in Favor of Either Party or Law Enforcement," seeking a 500-foot buffer zone around the Norfolk County Superior Court House and arguing, essentially, that the demonstrations and protests near the court house jeopardized a fair trial.  Petitioners Tracey Anne Spicuzza, Lorena Jenkinson, Dana Stewart Leonard, and Paul Cristoforo (individual petitioners) filed a motion, in the trial court, to intervene for the purpose of opposing the Commonwealth's motion.  They argued that a buffer zone would infringe on their constitutional rights under the First Amendment to the United States Constitution and art. 16 of the Declaration of Rights, as amended by art. 77 of the Amendments to the Massachusetts Constitution.

The trial judge held a hearing on the Commonwealth's motion at which she heard from both the Commonwealth and the defendant. The defendant specifically took no position on the motion (and has not taken part in the proceedings in this court).  The judge acknowledged the individual petitioners' motion to intervene, noting that she had read the motion papers and was not going to hear from counsel in connection with that motion.  Additionally, she allowed the American Civil Liberties Union of Massachusetts to submit an amicus brief and indicated that she had read the amicus brief and did not need to hear from counsel.

The judge issued her decision later the same day, allowing the Commonwealth's motion, in part, and ordering that

> "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court.  This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building. Individuals are also prohibited from using audio enhancing devices while protesting."[6]

---

[6] The trial judge's order also stated that

"no individuals will be permitted to wear or exhibit any buttons, photographs, clothing, or insignia, relating to

In establishing the buffer zone, the judge indicated that she was seeking to balance the right to free speech protected by the First Amendment and the defendant's right to a fair trial. The judge noted that, in connection with the underlying trial court proceedings, protestors have shouted at witnesses, have confronted family members of the victim, and have "taken to displaying materials which may or may not be introduced into evidence during trial." She also stated that witness intimidation has been a "prevalent issue." On the basis of these details, with which the judge has reason to be familiar, the judge concluded that a 200-foot buffer zone was warranted to help ensure a fair trial, free from outside influence. The judge also denied the individual petitioners' motion to intervene.

Thereafter, the individual petitioners filed a petition pursuant to G. L. c. 211, § 3, in the county court, in which they sought relief both from the denial of their motion to intervene and from the buffer zone order. Separately, the Freedom to Protest Coalition also filed a petition pursuant to G. L. c. 211, § 3, seeking relief from the buffer zone order. The single justice considered the petitions together and denied them.

Discussion. As a starting point, we note that the single justice declined to reach the merits of the issue whether the trial judge erred in denying the individual petitioners' motion to intervene. Rather, the single justice concluded that the trial judge made an ordinary procedural ruling and that the petitions did not present the type of exceptional matter that warrants this court's exercise of its extraordinary power of general superintendence. He did not commit an error of law or abuse his discretion in reaching this conclusion. See, e.g., Commonwealth v. Richardson, 454 Mass. 1005, 1006 (2009) (single justice properly declined to employ court's extraordinary power

_____

the case pending against the defendant or relating to any trial participant, in the courthouse during the trial. Law enforcement officers who are testifying or are members of the audience are also prohibited from wearing their department issued uniforms or any police emblems in the courthouse."

The petitioners have not raised any challenge to this portion of the order, and it is not at issue in this appeal.

of general superintendence to review relatively routine trial court ruling).

As to the buffer zone, and the petitioners' arguments regarding their First Amendment rights, there is no question that the order establishing the zone does impose some restrictions on the petitioners' speech.  As the petitioners themselves recognize, however, a restriction on speech is not, in and of itself, necessarily problematic or unconstitutional.  Rather,

> "States may impose reasonable restrictions on the time, place, or manner of protected speech and assembly provided the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information" (quotations and citation omitted).

Desrosiers v. Governor, 486 Mass. 369, 390-391 (2020), cert. denied, 142 S. Ct. 83 (2021).  In the circumstances, the 200-foot buffer zone meets the "reasonable restriction" requirements.

First, notwithstanding the petitioners' argument to the contrary, the restriction created by the buffer zone is content neutral.  "The principal inquiry in determining content neutrality, in speech cases generally and in time, place, or manner cases in particular, is whether the government has adopted a regulation of speech because of disagreement with the message it conveys."  Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989), citing Clark v. Community for Creative Non-Violence, 468 U.S. 288, 295 (1984).  The fact that the protestors who have appeared outside the court house in connection with the trial have all, according to the petitioners, been in support of the defendant in the underlying criminal trial had no bearing on the establishment of the buffer zone.  Any protest against the defendant, and in support of the Commonwealth, would be equally subject to the restrictions of the buffer zone.  "Government regulation of expressive activity is content neutral so long as it is 'justified without reference to the content of the regulated speech.'"  Ward, supra, quoting Clark, supra at 293.  Additionally, and to the petitioners' argument that the buffer zone is not content neutral because commercial speech is still allowed, the fact that the restriction created by the buffer zone "has an incidental effect on some speakers or messages but

not others" does not render the buffer zone unconstitutional. See Ward, supra ("A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others").

Second, the restriction -- the 200-foot buffer zone -- is "narrowly tailored to serve a significant governmental interest." The buffer zone, which is smaller than the 500-foot zone requested by the Commonwealth, will help ensure a fair trial -- a significant governmental interest -- by physically clearing the path for jurors, witnesses, and other individuals to come and go from the court house complex without obstruction or interference by protestors or demonstrators, and any concomitant intimidation or harassment, within 200 feet of the court house complex. The buffer zone also helps protect the jurors, who, as the trial judge noted, must remain fair and unbiased, from extraneous influence that might result from, for example, viewing pictures of putative evidence directly in their path. The buffer zone does not preclude the petitioners, or anyone else, from engaging in the same forms of protest they have previously done; it simply constrains them from doing so within a limited zone tied to court house property. In so doing, it leaves open "ample alternative channels for communication of the information."

Third, we reject the argument that the buffer zone order must be analyzed under strict scrutiny as a prior restraint on speech. The term "prior restraint" "describe[s] administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur." Commonwealth v. Barnes, 461 Mass. 644, 651 (2012), quoting Alexander v. United States, 509 U.S. 544, 550 (1993). Here, the buffer zone order does not forbid protestors and demonstrators from expressing their chosen message; they simply must do so outside the buffer zone.

Finally, we note that, notwithstanding assertions in their briefing to this court, the petitioners have not provided record evidence sufficient to establish that the 200-foot buffer zone ordered by the Superior Court extends beyond the court house grounds onto public sidewalks or other areas that constitute a public forum with respect to which "the government's ability to permissibly restrict expressive conduct is very limited." United States v. Grace, 461 U.S. 171, 177 (1983). A map supplied by the Commonwealth is not sufficiently clear to resolve any ambiguity on this score, and does not appear, in any event, to have been a part of the record before the single

justice.  Based on the petitioners' failure to establish otherwise, the single justice did not err in denying their petition on the basis that the establishment of the buffer zone did not violate the petitioners' First Amendment rights.

Conclusion.  Ultimately, the trial judge struck a balance between the right to protest or demonstrate and the defendant's right to a fair trial.  As the Commonwealth notes, it too has the right to, and an interest in the defendant receiving, a fair trial, see Commonwealth v. Underwood, 358 Mass. 506, 511 (1970), which is also supported by the judge's order.  The single justice did not commit an error of law or abuse his discretion in denying the petitions pursuant to G. L. c. 211, § 3, seeking relief from that order, or from the denial of the motion to intervene.  For the foregoing reasons, we issued an order on April 26, 2024, affirming the judgment.


The cases were submitted on the papers filed, accompanied by memoranda of law.

Mark Trammell, of Maryland, Marc J. Randazza, & Jay M. Wolman for the petitioners.

Pamela Alford & Adam C. Lally, Assistant District Attorneys, for the Commonwealth.

Ruth A. Bourquin & Rachel E. Davidson, for American Civil Liberties Union of Massachusetts, Inc., amicus curiae, submitted a brief.

Bharani Padmanabhan, pro se, amicus curiae, submitted a brief.