COMMONWEALTH *vs.* ERIC SHAUGHESSY.[1]

Suffolk. October 6, 2009. - November 19, 2009.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Privileged Communication. Practice, Criminal,* Disclosure of identity of informer, Affidavit, Waiver, Attorney's fees.

This court concluded that, in the circumstances of a criminal case, the Commonwealth had preserved for appeal its objection to a judge's acceptance of an affidavit submitted ex parte by the defendant. [352]

There was no merit to the Commonwealth's contention that the criminal defendant had failed to meet his burden to justify an exception to the Commonwealth's privilege not to disclose the identity of a confidential informant. [352-353]

This court declined to award costs or attorney's fees incurred in connection with an interlocutory appeal, where G. L. c. 211, § 3, makes no provision for such an award. [353]

In hearing a motion to disclose the identity of a confidential informant, a Superior Court judge did not abuse his discretion in accepting from the criminal defendant an affidavit, submitted ex parte, in which the defendant revealed the name of the person whom he believed was the confidential informant and outlined his contacts with that person, nor did the judge abuse his discretion in examining the affidavit in camera; however, the judge erred in relying on the ex parte submission to overcome the Commonwealth's privilege not to disclose the identity of the confidential informant without first affording the Commonwealth an adequate opportunity to respond to the affidavit's essential contents. [353-358]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 2, 2009.

The case was reported by *Spina*, J.

*Mary E. Lee*, Assistant District Attorney, for the Commonwealth.

*Michael B. Galvin* (*Thomas J. Carey, Jr.*, with him) for the defendant.

*Peter B. Krupp*, for Committee for Public Counsel Services & others, amici curiae, submitted a brief.

---

[1]As is our practice, we spell the defendant's name as it appears in the indictment. See, e.g., *Commonwealth* v. *Perez*, 444 Mass. 143, 143 n.1 (2005).

CORDY, J. At issue in this case is whether the Commonwealth's privilege not to disclose the identity of an informant can be overcome on the basis of an affidavit submitted ex parte by the defendant.[2] The particular question we must answer is whether the judge abused his discretion in accepting and relying on the ex parte affidavit without affording the Commonwealth access to it and an opportunity to respond to its contents.

The defendant claims that the judge's handling of the matter was consistent with language that this and other courts have used in the past concerning the use of ex parte submissions in circumstances such as presented here, where it is not otherwise clear from the record of the case that disclosure of the informant's identity would provide something material to the defense. The defendant also claims that the judge's acceptance and reliance on the ex parte affidavit in this case is similar to the use of ex parte submissions (that we have approved) in cases where the defendant's submission would likely furnish the prosecution with "information incriminating to the defendant which it otherwise would not be entitled to receive." *Commonwealth* v. *Mitchell,* 444 Mass. 786, 796, 797 (2005) (ex parte submission of application, including affidavit, in order to obtain summons pursuant to Mass. R. Crim. P. 17 [a] [2], 378 Mass. 885 [1979], may be used by defendant in "exceptional circumstances").

The Commonwealth, on the other hand, argues that stripping it of the informant privilege on the ex parte word of a defendant alone, with no meaningful opportunity to contest the proffer, "is to strike the death knell for the protection of all confidential informants in Massachusetts." It urges us to order that "trial courts may never order the disclosure of the identity of an informant" based on such a submission, lest we be seen to promote "the defendant's right to commit perjury without any potential for consequences."

We conclude that the use of ex parte affidavits should only be permitted in exceptional circumstances but that the judge did not abuse his discretion in accepting the affidavit in this case. However, before a defendant's ex parte affidavit can overcome

---

[2]While the parties variously use the terms "ex parte," "in camera," and "under seal," what we are considering in this case is an affidavit submitted by the defendant (with the knowledge of the Commonwealth), under seal and for in camera inspection by the judge only.

the Commonwealth's privilege, a judge must afford the Commonwealth some avenue of response. This may include ordering that the Commonwealth be provided with a redacted or summary version of the material included in the affidavit

*Background.* The defendant was indicted for trafficking in Oxycodone in violation of G. L. c. 94C, § 32E (*c*), after being arrested in front of a Plymouth residence, which the police had under surveillance in anticipation of a delivery of a quantity of Oxycodone pills to the defendant from his supplier. As the police moved in, the defendant saw them and dropped a bag containing ninety-seven Oxycodone pills. Another bag of one hundred pills was subsequently recovered from a hole in the ceiling of the residence.[3]

The surveillance and the arrest arose out of a series of telephone calls made to the defendant by a confidential informant after the informant had been arrested by Marshfield police in an unrelated matter earlier in the day. The informant told the police that he had purchased Oxycodone from the defendant in the past, and he agreed to act as a purported purchaser on their behalf.[4] The informant then telephoned the defendant and arranged to make a purchase from him that afternoon. The informant told the police that he was to pick up the Oxycodone pills at the address of the residence after the defendant received a delivery from his supplier. The informant spoke to the defendant by telephone several times during the day and updated the police about the progress of the proposed purchase and the expected arrival of the supplier. These telephone calls apparently were all made from the police station where the informant remained in custody. The informant was not present when the police made the arrest, which was sequenced to occur right after the alleged supplier arrived at the residence.

After his indictment, the defendant moved for the disclosure of the identity of the informant, arguing that disclosure was necessary to his defense of entrapment, in that the informant was a participant in the activities that led to his arrest and pos-

_____

[3]An additional 200 pills were found in the motor vehicle of the person alleged to be the defendant's supplier. These pills are not part of the trafficking indictment presently pending against the defendant.

[4]The gender of the informant is variously characterized in the record as "he" or "she"; we use the pronoun "he" for convenience.

sessed "exculpatory evidence." No affidavit was filed in support of the motion and, at a hearing, the judge stated his view that the defendant had not satisfied his burden of demonstrating why and how the identity of the informant was material to his defense.

Thereafter, defense counsel submitted his own affidavit outlining the information he had obtained about the informant from the police reports, grand jury testimony, and the testimony of police officers (taken at a motion to suppress hearing). Based on this information, defense counsel asserted that "the initiation of [the] alleged drug transaction by the confidential informant and the quantity of ongoing communication between the confidential informant and the police would tend to indicate entrapment, which is a major defense of this matter." At a subsequent hearing, the judge remained unsatisfied that the defendant had made a sufficient showing of inducement by the informant to warrant piercing the privilege. The judge then suggested that an affidavit from the defendant might be necessary to bridge that gap. Defense counsel expressed concern about his client's "exposure" should he sign an affidavit, but suggested that if it could be submitted "ex parte" and "under seal," an affidavit from the defendant "could be more thorough than I was in my affidavit." In the absence of such an affidavit, the judge denied the motion "at this point based on what's before me."

Represented by new counsel, the motion for the disclosure of informant information was renewed, now based on an affidavit from the defendant that counsel proposed to submit for the judge's inspection "in camera," that is, for his sole inspection. At the hearing on the renewed motion, the judge first considered whether to accept the defendant's affidavit "ex parte" and asked the prosecutor whether she wanted to be heard on that point. The prosecutor responded that she did not, and voiced no objection to the judge's acceptance and review of the affidavit on that basis. The judge then examined the affidavit. In the affidavit, the defendant revealed the name of the person whom he believed was the confidential informant, and outlined his contacts with that person.[5]

The judge asked for further argument on the informant disclosure issue, to which the prosecutor responded first by noting

---

[5]The affidavit remains under seal in this court.

the "difficult position" she was in to be "arguing against an unknown document." The prosecutor then reiterated arguments she had previously made, essentially, that the confidential informant was not present when "the deal was done" and that the information provided to the police that led to the defendant's arrest was information concerning the arrival of the defendant's supplier, an arrangement that predated the informant's contacting the defendant at the behest of the police. Consequently, the prosecutor argued that the situation was no different from that of an informant who merely passes credible information along to the police, who then use that information as a basis for probable cause to arrest or search. In such a situation, the prosecutor contended, disclosure would not ordinarily be required unless the informant was a percipient witness or a direct participant in the charged offense.

The judge ruled that the defendant, in his affidavit, had provided a version of the contacts between himself and the person he identified, which suggested "importuning" by the informant sufficient to meet the defendant's burden of demonstrating why disclosure of this person's status as an informant was material to the defendant's entrapment defense. The judge therefore ordered the Commonwealth to confirm or deny that the named individual was the confidential informant, and directed defense counsel to provide the name of the individual to the prosecutor for that purpose.[6] If the named individual was the informant, the Commonwealth was further ordered to provide information about promises, rewards, or inducements offered or provided to him in exchange for his cooperation.

Eight days later, the Commonwealth filed a motion to recon-

---

[6]In framing his ruling, the judge told counsel, "I think for purposes of my ruling, I will reference the named individual, ordering the Commonwealth to confirm or deny this person's identity." Defense counsel asked whether it would "make more sense for the Commonwealth to just give you the name [of the informant] and then you can compare the names." The judge replied that he did not want to know the name if it was not the person. The prosecutor expressed no view on the wording of the order. Consequently, the judge's order included the name of the person identified in the defendant's affidavit. The Commonwealth raised no objection to the inclusion of the name, either at the time or when it filed its motion for reconsideration of the disclosure order. Before this court, the Commonwealth for the first time asks that the name be removed from the motion judge's order and the Superior Court docket sheet. This matter is an appropriate one to be raised by the Commonwealth in the Superior Court.

sider, seeking access to the defendant's ex parte affidavit and a reopening of the hearing on the motion for disclosure of the informant's identity. The motion was opposed, and after a hearing, the judge affirmed his order of disclosure. The judge explained that, in the circumstances of this case, where, in order to meet his burden, the defendant was required to reveal a course of dealings with a person that was incriminating and, if the person was not the informant, the Commonwealth might not know about, it was appropriate for the judge to receive the affidavit ex parte in order to preserve the defendant's rights under the Fifth and Sixth Amendments to the United States Constitution. The prosecutor responded that the Commonwealth faced a dilemma, because the entrapment defense might never be used at trial, and the Commonwealth would have exposed an informant to potential hazards for no reason. The judge then questioned whether the prosecutor's "objection to the procedure I employed relates [only] to the timing of the disclosure." The prosecutor responded, "Yes and no," and proceeded to argue, essentially, that the use of confidential informants was very important; that the disclosure of the identity would discourage future cooperation; and that there might be a risk to the informant's safety.[7] The prosecutor further argued that the defendant was predisposed to commit the crime in light of his record, and therefore an entrapment defense was not viable. The judge responded to this latter argument by pointing out that the ultimate viability of the defense of entrapment was not a matter appropriately considered at this stage and that the defendant had a right to the information if it was material to his defense, a burden that he had met in his affidavit. The prosecutor finally argued that because she had no right to access the affidavit, the Commonwealth did not get a "full blown hearing" on the disclosure question.[8]

The judge concluded by ruling that "the only appropriate way for the [c]ourt to receive the information necessary for the defendant to make his initial showing and protect [his] Fifth and Sixth Amendment rights at this stage," was to receive the

[7]No specifics on this point were provided to the judge or argued by the Commonwealth.

[8]The Commonwealth did not ask to make its own ex parte submission to the judge on the issue whether the identity of the informant ought be disclosed.

information in the form that the judge did. He also emphasized to defense counsel that the only purpose for which the identity of the informant was ordered released was for use in an entrapment defense at trial.[9] He then invited the Commonwealth to seek an interlocutory appeal, and, subsequently, stayed the trial pending the outcome of these proceedings, which the Commonwealth initiated pursuant to G. L. c. 211, § 3.

*Discussion.* We first deal summarily with three issues raised by the parties on appeal, and then we discuss in more detail the principal issue in the case.

1. The Commonwealth argues that its failure to object contemporaneously to the judge's acceptance of the affidavit should not result in a waiver of its claims because the Commonwealth timely filed a motion to reopen the hearing, on which the judge held a hearing and fully considered and denied the Commonwealth's objections on their merits. We agree that in the circumstances of this case, the issue has been preserved for appeal.

2. The Commonwealth contends that the defendant failed to meet his burden to justify an exception to the informant privilege where the informant was not physically present during the drug activity for which the defendant has been indicted, where there is evidence that the defendant was predisposed to commit the crime, and where the defendant could not have shown that the communication between the informant and the defendant reached the level of entrapment. With respect to these arguments, we concur with the judge that the informant's lack of physical presence is not determinative and that whether there is evidence that the defendant was predisposed to commit the crime is an issue on which the Commonwealth must carry the burden at trial, and is not a proper basis on which to deny discovery where the defendant has presented sufficient evidence of inducement, *Commonwealth* v. *Madigan,* 449 Mass. 702, 710 (2007). Further, having reviewed the sealed affidavit in this case, we conclude

---

[9]The Commonwealth did not seek, nor did the judge enter, a protective order with respect to the informant's identity. Cf. *United States* v. *Pesaturo,* 519 F. Supp. 2d 177, 187 (D. Mass. 2007) ("Neither the Defendant nor counsel shall disclose to anyone else . . . the identity of the confidential informant, absent further Order of the Court").

that the reason and basis for the judge's order of disclosure are clear and supported.

3. The Commonwealth argues that the defendant's request for costs and attorney's fees incurred in connection with bringing this action under G. L. c. 211, § 3, is inapposite. With this proposition we are also in agreement, at least to the extent that there is nothing so frivolous or unmeritorious in this case that would justify such an award in the absence of a statute or rule requiring that one be granted. Unlike Mass. R. Crim. P. 15, as appearing in 422 Mass. 1501 (1996), and Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), G. L. c. 211, § 3, contains no provision for the award of costs and fees.

4. With respect to the principal issue in the case, the Commonwealth argues that for "strong and well-established policy reasons," "[i]n camera proceedings are permissible *only* for the Commonwealth *to protect an informant's identity* prior to disclosure" (emphasis added), and that the defendant should not be able to "hide" from the Commonwealth the factual basis for attempting to pierce the informant privilege. Consequently, the Commonwealth contends that the judge erred in inviting and accepting the affidavit and in basing his order on it without any meaningful opportunity for the Commonwealth to be heard to protect its privilege.

The informant privilege serves a "substantial, worthwhile purpose in assisting the police in obtaining evidence of criminal activity," *Commonwealth* v. *Madigan, supra* at 706, quoting *Commonwealth* v. *Douzanis*, 384 Mass. 434, 441 (1981), and has long been recognized in the Commonwealth. See *Commonwealth* v. *Dias*, 451 Mass. 463, 468 (2008); *Worthington* v. *Scribner*, 109 Mass. 487, 488 (1872). While the privilege is not absolute, it "should be respected as far as reasonably possible consistent with fairness to a defendant." *Commonwealth* v. *Douzanis, supra*, and cases cited. One thing it may not do is "shield information that is material to the defense of entrapment, as to which the defendant has made an adequate pretrial showing." *Commonwealth* v. *Madigan, supra* at 703.

In order to obtain the identity of a confidential informant, the burden is on a defendant to demonstrate that an exception to the privilege ought apply, that is, that the disclosure would provide him with "material evidence needed . . . for a fair presentation

of his case to the jury." *Commonwealth* v. *Lugo*, 406 Mass. 565, 574 (1990). With respect to obtaining discovery of an informant's identity for the purpose of establishing a defense of entrapment, we recently held that a defendant may meet his burden by proffering evidence of inducement, which must be more than solicitation, but may take the form of "aggressive persuasion, coercive encouragement, lengthy negotiations, pleading or arguing with the defendant, repeated or persistent solicitation, persuasion, importuning, and playing on sympathy or other emotion." *Commonwealth* v. *Madigan*, *supra* at 708, quoting *Commonwealth* v. *Tracey*, 416 Mass. 528, 536 (1993). This evidence can come from information contained in the record of the case, such as police reports, grand jury testimony, and exhibits, or from the defendant's own version of events. Once evidence of inducement has been produced, the materiality of determining whether the person who engaged in the inducement was an informant, that is, an agent of the government or one acting at his direction, is apparent. *Commonwealth* v. *Madigan*, *supra* at 709.

We have also said that "where it is not clear from the record that disclosure of an informant's identity would provide something material to the defense, a judge may hold an in camera hearing to assist in making that determination." *Commonwealth* v. *Dias*, *supra* at 472. The nature of the in camera hearing is left to the discretion of the judge. *Id.* at 472 n.15. This language provides the legal justification for the judge's rulings with respect to his ex parte acceptance and use of the affidavit. It is also the nub of the defendant's argument as to why the judge acted properly, and the point on which the Commonwealth seeks clarification.

The defendant concedes, as he must, that the available case law on the use of ex parte submissions (and their in camera inspection by judges) arises almost exclusively in the context of the Commonwealth's making such submissions for the purpose of opposing motions to disclose the identity of its informants.[10] The reason for this is apparent and logical. The identity of an

---

[10]Having conducted "[e]xtensive research" of State and Federal cases, the defendant cites one case, *United States* v. *Pesaturo*, 519 F. Supp. 2d 177 (D. Mass. 2007), in which the defendant sought disclosure of the government's informant based on an "in camera" submission. However, a review of that case suggests that, while the defendant submitted his motion for disclosure

informant must be kept confidential until the judge is in a position to make a determination whether the privilege should give way. This determination, on occasion, will require the judge to receive information about the informant, and the attendant circumstances of his conduct, which, if disclosed to the defendant, would, as a practical matter, vitiate the privilege by identifying the informant without a ruling as to the appropriateness of doing so. Cf. *Commonwealth* v. *Amral*, 407 Mass. 511, 523-526 (1990) (judge instructed to hold in camera hearing, excluding defense counsel, to question informant to determine whether defendants have made sufficient showing for evidentiary hearing pursuant to *Franks* v. *Delaware*, 438 U.S. 154 [1978]). Consequently, the use of ex parte submissions by the Commonwealth, or in camera proceedings that exclude the defense, may be justified in certain circumstances by the Commonwealth's significant interest in protecting the identity of confidential informants from disclosure except where plainly necessary to the defense.

When important public policies conflict, here the protection of informants, the right to a fair trial, and the right not to be compelled to incriminate oneself, a balance must be struck. We have already concluded that the privilege must give way when information is material to the fair presentation of a defense, and that the defense of entrapment may present such a circumstance. The question we must answer in this case more narrowly relates to the tools available to the judge to obtain information critical to making the determination whether the privilege must give way without requiring that the defendant's Fifth Amendment privilege also give way.

In *Commonwealth* v. *Mitchell*, 444 Mass. 786 (2005), we faced a similar dilemma. In that case, the judge had allowed defendant's motions, filed ex parte, for the issuance of summonses pursuant to rule 17 (a) (2) to compel the production, in advance of trial, of documents important to the defense of the case. *Id.* at 787. The motions were accompanied by affidavits setting forth a factual basis that the judge found sufficient to

(for purposes of raising an entrapment defense) "[u]nder seal," it was not submitted without the prosecutor viewing it. *Id.* at 181. Indeed, the contents of the defendant's submission are discussed in some detail in the decision ordering disclosure. The decision's only reference to an "ex parte" filing relates to the submission made by the government in response to the defendant's submission. *Id.* at 183.

satisfy the requirements of relevance, admissibility, necessity, and specificity. See *Commonwealth* v. *Lampron*, 441 Mass. 265, 269 (2004). The Commonwealth, having learned of the summonses, sought access to the ex parte filings (including the affidavits), and requested that the orders calling for production be vacated. *Commonwealth* v. *Mitchell, supra* at 788.

In the *Mitchell* case, we noted that, in *Commonwealth* v. *Lam*, 444 Mass. 224 (2005), and *Commonwealth* v. *Lampron, supra*, we struck a balance between, on the one hand, the interest of the Commonwealth in ensuring that rule 17 (a) (2) is not improperly used and that witnesses are not harassed, and, on the other hand, the interest of the defendant in obtaining documents relevant to his defense from third parties in advance of trial. *Commonwealth* v. *Mitchell, supra* at 790. We then focused on the further complication posed when the detailed showing required by *Commonwealth* v. *Lampron, supra*, cannot be made without implicating other important rights and policies, that is, "without revealing information that may prove incriminating or when advance notice of a request for such a summons would likely result in the destruction or alteration of the documents themselves." *Commonwealth* v. *Mitchell, supra* at 793-794. The court proceeded to expand the tools available to the judge by allowing for ex parte submission in what it characterized as "exceptional circumstances." *Id.* at 793. Such circumstances included those "where the defendant has demonstrated . . . a reasonable likelihood that the prosecution would be furnished with information incriminating to the defendant which it otherwise would not be entitled to receive." *Id.* at 797. That the submission might reveal "trial strategy or work product or might disclose client confidences" would not be sufficient to warrant this exception; the ex parte procedure was not to become the "norm." *Id.*

In the present case, we view the Commonwealth's interest, as embodied in the informant privilege, to be stronger than the Commonwealth's interest in rulings regarding the issuance of rule 17 (a) (2) summonses. A judge's ruling authorizing the issuance of the latter does not effectively cut off the rights of the affected parties. The recipient of the summons can move to quash it, and the Commonwealth can participate in such a proceeding. In contrast, a ruling by the judge abrogating the privilege in the circumstances presented here would afford no rights to, or protec-

tions for, the parties most affected by it. In other words, such a ruling is not a step along the road. It is the end of the road.

Having made these observations does not lead us to conclude, as the Commonwealth urges, that a judge may never exercise his discretion to accept and consider an ex parte affidavit from the defendant in deciding whether he has met his burden of demonstrating materiality. The particular facts of this case offer a convenient example. The matter of materiality had been fully argued by both sides based on a fairly extensive record of reports and testimony available to the parties, but without, as the judge noted, a missing piece that only the defendant could provide, that is, the specific inducements alleged to have been made. As the judge recognized, the additional information necessary to his determination might well provide the Commonwealth with incriminating information about the defendant's relationship, transactions, and conversations with a person that, if the person was not the informant, the Commonwealth would not be entitled to receive. These facts, closely akin to the exceptional circumstances described in *Commonwealth* v. *Mitchell, supra,* justified the use of an ex parte procedure.

However, even in *Commonwealth* v. *Mitchell, supra* at 797, the court made it clear that the "judge should seal or impound only as much of the motion and affidavit as is absolutely necessary to protect the defendant's interests." In our view, even more is required in matters where the informant privilege is at stake. If there was error in this case, it was not in the judge's acceptance and review of the affidavit, but in the judge's failure to afford the Commonwealth an adequate opportunity to respond to its essential contents.

Before relying on an ex parte submission to overcome the privilege, a judge must require that a redacted or summary of the submission be provided to the Commonwealth so that it effectively might be heard in response.[11,12] If the Commonwealth

---

[11]The fact that, having received such a redaction or summary, the Commonwealth may submit evidence contradicting the defendant's version of events is not determinative of the question whether the defendant has met his burden of materiality. A statement under oath by the defendant may suffice even if contradicted by the statements of others, unless the defendant's statements are "intrinsically improbable" or "flatly contradicted by irrefutable evidence." *United States* v. *Pesaturo,* 519 F. Supp. 2d 177, 184 (D. Mass. 2007).

[12]If the judge concludes that, in light of the record submitted by the defend-

wishes to respond with an ex parte filing of its own, it will need to make the case for it with the judge. If the judge ultimately concludes that the privilege has been overcome, a protective order ought ordinarily be entered, ensuring that the identity of the informant not be used for any purpose beyond the reason for its disclosure.

The case is remanded to the Superior Court to afford the Commonwealth the opportunity to respond to a redacted or summary version of the defendant's affidavit, which is to be prepared by the defendant or his counsel and approved by the judge.

*So ordered.*

ant, the affidavit is not sufficient to overcome the privilege, the affidavit may be sealed for purposes of appellate review or returned to the defendant and not provided to the Commonwealth.