COMMONWEALTH *vs.* HECTOR M. MALDONADO, JR. April 8, 2010. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Disclosure of identity of informer.

Hector M. Maldonado, Jr., (defendant) appeals from a judgment of a single justice of this court allowing the Commonwealth's petition pursuant to G. L. c. 211, § 3. We affirm.

The defendant is awaiting trial for firearm and related offenses in the Superior Court. A judge in that court ordered the Commonwealth to disclose the identities of two persons who provided the police with a tip that led to the stop of the defendant's automobile and the discovery of a handgun under the driver's seat. The tip, relayed to the police a few hours before the defendant was stopped, was that a man who had allegedly abused his girl friend and threatened to return to her home with a gun and shoot her was seen riding in the defendant's automobile back and forth in front of the girl friend's mother's house, wearing white gloves. The defendant moved for disclosure of the tipsters' identities, claiming that they were material to his defense that the boy friend, unbeknownst to the defendant, had left a gun in the defendant's automobile. The motion judge concluded that the Commonwealth's privilege to keep the tipsters' identities confidential (the tipsters had requested anonymity) must yield to the defendant's need to present his defense. See *Roviaro* v. *United States,* 353 U.S. 53, 59-61 (1957); *Commonwealth* v. *Dias,* 451 Mass. 463, 468-469 (2008), and cases cited. The Commonwealth moved for reconsideration, arguing that another judge had earlier ruled that the boy friend's alleged threat was inadmissible hearsay, and that, without the alleged threat to link the boy friend to the gun and thus link the boy friend's alleged gun to the defendant's car, the Commonwealth's privilege should not be pierced. The motion judge denied the Commonwealth's motion.

The Commonwealth then filed its petition in the county court, challenging the disclosure order. The defendant filed no opposition, nor did he seek to challenge the earlier ruling that the boy friend's alleged threat was inadmissible hearsay. The single justice concluded that the identities of the tipsters were irrelevant to the trial and vacated the order compelling disclosure.

The defendant appeals. We examine the single justice's ruling for abuse of discretion or other error of law. We discern neither.[1] Because the defendant did not challenge the initial ruling that the boy friend's threat was inadmissible, that ruling is not before us.[2] The case in its current posture shows that all the defendant could gain by learning the identities of the tipsters, and potentially presenting them at trial, would be testimony that the boy friend

---

[1]Although the single justice exercised his discretion to reach the substantive merits of the Commonwealth's petition, he was not required to do so. Compare *Commonwealth* v. *Narea,* 454 Mass. 1003, 1004 n.1 (2009), with *Commonwealth* v. *Richardson,* 454 Mass. 1005, 1006 (2009).

[2]The record is unclear on whether the first judge considered the defendant's argument that the alleged threat would be admissible as a statement against the boy friend's interest. Although we express no opinion on the matter, the defendant is free to pursue in the Superior Court that and any other potential ground for admitting the alleged threat.

was seen in the defendant's car wearing white gloves several hours before the defendant was stopped. That information alone, without evidence linking the boy friend to a firearm, is insufficient to justify piercing the Commonwealth's privilege to keep the tipsters' identities confidential. See *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 403-408 (1989); *Commonwealth* v. *Fernandes*, 30 Mass. App. Ct. 335, 339-342 (1991). In these circumstances, we conclude the single justice neither abused his discretion nor otherwise erred.[3]

*Judgment affirmed.*

*David P. Sorrenti* for the defendant.

*Laurie S. Yeshulas*, Assistant District Attorney, for the Commonwealth.

---

[3]The defendant has requested attorney's fees in connection with this appeal. He is not entitled to such fees in these circumstances. See *Commonwealth* v. *Shaughessy*, 455 Mass. 346, 353 (2009).

