COMMONWEALTH *vs.* JESSIE JORDAN. December 26, 2012. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Discovery, Disclosure of identity of informer. *Witness,* Police informer.

The Commonwealth appeals from a judgment of a single justice of this court denying, without a hearing, its petition for relief under G. L. c. 211, § 3, from an interlocutory order of the Superior Court. We conclude that the single justice improperly denied relief.

In the underlying Superior Court case, Jessie Jordan was indicted for armed assault with intent to murder and other offenses. He filed a motion seeking information as to the alleged victim's status as a police informant, arguing that this was relevant to his (Jordan's) state of mind at the time of the incident. Over the Commonwealth's opposition, the judge ordered the prosecutor to inquire of the alleged victim whether he was an informant for any State or Federal law enforcement agency and to report the result to defense counsel.[1] The Commonwealth's G. L. c. 211, § 3, petition sought relief from this order.

Relief under G. L. c. 211, § 3, is extraordinary. "The fact that the Commonwealth has no other remedy does not make [G. L.] c. 211, § 3, review automatic. . . . We have rarely allowed Commonwealth appeals of interlocutory matters under our supervisory powers . . . . We will review interlocutory matters in criminal cases only when 'substantial claims' of 'irremediable' error are presented . . . and only in 'exceptional circumstances' . . . where 'it becomes necessary to protect substantive rights.' " *Commonwealth* v. *Richardson,* 454 Mass. 1005, 1005-1006 (2009), quoting *Commonwealth* v. *Cook,* 380 Mass. 314, 319, 319-320 (1980). "No party, including the Commonwealth, should expect this court to exercise its extraordinary power of general superintendence lightly." *Commonwealth* v. *Richardson, supra* at 1006, citing *Commonwealth* v. *Narea,* 454 Mass. 1003, 1004 n.1 (2009).

The Commonwealth has satisfied its burden of demonstrating that this case presents extraordinary circumstances compelling the exercise of our superintendence power. We have long recognized the Commonwealth's privilege not to disclose the identity of a confidential informant. *Commonwealth* v. *Madigan,* 449 Mass. 702, 705-706 (2007). This privilege assists the police in obtaining evidence of criminal activity. See *id.* at 706, and cases cited. More importantly for present purposes, keeping an informant's identity confidential also protects his well-being; disclosing an informant's identity might jeopardize his safety and even his life. To be sure, this is not the typical case, in which a defendant knows that a confidential informant has provided evidence against him but does not know the informant's identity. Rather, Jordan claims that he already has reason to suspect that the alleged victim is an informant and seeks confirmation or denial of that suspicion. Even so, there is a clear danger in disclosing that the alleged victim is an informant (if indeed he is one).

---

[1] The judge also ordered that the prosecutor make the same inquiry of the police officer in charge of Jordan's case and report the results to defense counsel. The prosecutor complied with this portion of the order, reporting that the police officer did not know whether the alleged victim was an informant. That portion of the judge's order is not at issue here.

Furthermore, the Superior Court judge committed a clear error of law by requiring the Commonwealth to inquire of the alleged victim whether he was an informant. While the prosecution has a duty to disclose exculpatory information in its or its agents' possession, that duty "does not require a prosecutor to make defense-directed inquiries of independent witnesses, including complainants." *Commonwealth* v. *Beal,* 429 Mass. 530, 531 (1999) (vacating Superior Court order directing prosecutor to question complainant regarding mental health treatment). Jordan offers no reason why his counsel could not contact the alleged victim directly and make inquiry of him. See *id.* at 534 (defendant's representatives could contact complainant directly if "no contact" order amended). Moreover, the basis for Jordan's claimed belief that the alleged victim is an informant is not explained in the record. Jordan's motion was supported by an affidavit, not of Jordan himself, but of his counsel, who simply asserts that Jordan and his family are fearful of the alleged victim "since he is protected by the police." The affidavit also relies on information gleaned by defense counsel in his investigation, namely, unspecified witnesses' assertions that the alleged victim is an informant and the alleged victim's criminal record, which contains a number of nol prossed cases. This information, obtained by counsel after the alleged incident, logically cannot demonstrate Jordan's state of mind at the time of the incident.

Finally, while disclosure of an informant's identity "is required in limited circumstances where it will provide 'material evidence needed by the defendant for a fair presentation of his case to the jury,' " *Commonwealth* v. *Elias,* 463 Mass. 1015, 1016 (2012), quoting *Commonwealth* v. *Madigan, supra,* the information is not material to Jordan's claim of self-defense. The elements of that defense are well established. "Before a defendant is entitled to an instruction on self-defense with a dangerous weapon likely to cause serious injury or death, there must be evidence that he had a reasonable apprehension of great bodily harm or death and a reasonable belief that no other means would suffice to prevent such harm. . . . [The defendant] must also have actually believed that he was in imminent danger of serious harm or death. A person may not use force in self-defense until he has availed himself of all proper means to avoid physical combat, and must use no more force than reasonably necessary in all the circumstances."[2] *Commonwealth* v. *Santos,* 454 Mass. 770, 772-773 (2009), citing *Commonwealth* v. *Harrington,* 379 Mass. 446, 450 (1980). Nothing in Jordan's submission to the Superior Court adequately demonstrated that the alleged victim's informant status had any bearing on the elements of self-defense. In sum, there was no basis for the judge to order the Commonwealth to ask the alleged victim whether he was a confidential informant.

The judgment of the single justice is reversed. A judgment shall enter in the county court vacating the Superior Court judge's order of August 30, 2011, to the extent that it required the Commonwealth to question the alleged victim.

*So ordered.*

---

[2]The level of danger justifying the use of nondeadly force in self-defense, assuming for the sake of argument that Jordan might have such a defense, is lower, requiring only that Jordan had a reasonable concern for his safety. See, e.g., *Commonwealth* v. *Baseler,* 419 Mass. 500, 502-503 (1995). The alleged victim's status is equally irrelevant in these circumstances.

*John P. Zanini*, Assistant District Attorney, for the Commonwealth.
*Eduardo Antonio Masferrer* for the defendant.