NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11747

COMMONWEALTH  vs.  DAVID FORLIZZI.


January 5, 2016.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Criminal, Disclosure of identity of informer,
     Appeal by Commonwealth.  Witness, Police informer.


     The Commonwealth appeals from the judgment of a single
justice of this court denying its petition for relief, pursuant
to G. L. c. 211, § 3, from an interlocutory order of the
Superior Court.  We affirm.

     In the underlying Superior Court case, the respondent,
David Forlizzi, sought and obtained an order requiring the
Commonwealth to disclose whether a witness cooperating against
him previously has served as a confidential informant or
cooperating witness.  The Superior Court judge concluded that
prior cooperation by the witness could be relevant to
demonstrating the witness's bias or hope of benefit or reward.
The single justice considered the judge's order and held that
"[n]o abuse of discretion is evident in the judge's decision
that disclosure is necessary and material to the defense in this
case.  The informant is a percipient witness whose testimony
will form a key part of the Commonwealth's case at trial."
Concluding that the Commonwealth failed to demonstrate that
relief was warranted, the single justice denied the petition.

     This court "rarely allow[s] Commonwealth appeals of
interlocutory matters under [its] supervisory powers. . . .  We
will review interlocutory matters in criminal cases only when
'substantial claims' of 'irremediable' error are presented . . .
and only in 'exceptional circumstances' . . . where 'it becomes

necessary to protect substantive rights" (citations omitted). Commonwealth v. Cook, 380 Mass. 314, 319-320 (1980). See Commonwealth v. Richardson, 454 Mass. 1005, 1005-1006 (2009). Although exceptional circumstances sometimes have been demonstrated in cases involving the disclosure of information relating to confidential informants and witnesses, see, e.g., Commonwealth v. Jordan, 464 Mass. 1004 (2012) (disclosure of informant's identity not material to defense), this is not such a case. We employ our power of superintendence sparingly and "[n]o party, including the Commonwealth, should expect that the court will exercise its extraordinary power of general superintendence lightly." Commonwealth v. Narea, 454 Mass. 1003, 1004 n.1 (2009). In this case, the single justice properly could have denied review because the Commonwealth failed to demonstrate the presence of exceptional circumstances. See Commonwealth v. Charles, 466 Mass. 63, 88-89 (2013) (systemic issues affecting proper administration of judiciary warranted review under G. L. c. 211, § 3). On that limited basis, we affirm the single justice's denial of the petition. "The fact that the single justice considered the substantive merits of the interlocutory order[] does not require that we do likewise." Forlizzi v. Commonwealth, 471 Mass. 1011, 1012 (2015). See White v. Commonwealth, 439 Mass. 1017, 1017 n.1 (2003).

The Commonwealth argues on appeal that disclosure of the identity of a confidential informant ordinarily is privileged, Commonwealth v. Kelsey, 464 Mass. 315, 323 (2013), and that the Superior Court judge failed to make findings sufficient to overcome that privilege. While the Commonwealth expresses concern that disclosure of the information might discourage future witnesses from cooperating, and that any value the evidence might have is either marginal or cumulative, the Commonwealth failed to make a sufficient showing that these concerns present "exceptional circumstances." Commonwealth v. Cook, supra at 320. The Superior Court judge's determination that disclosure is "relevant and helpful to the defense of an accused," Commonwealth v. Kelsey, supra at 323, quoting Rovario v. United States, 353 U.S. 53, 60-61 (1957), is precisely the type of routine interlocutory ruling for which review under G. L. c. 211, § 3, ordinarily is not warranted. See Commonwealth v. Elias, 463 Mass. 1015, 1016 n.2 (2012).

Judgment affirmed.

Christopher Hurld, Assistant Attorney General (Peter A. Mullin, Assistant Attorney General, with him) for the Commonwealth.

Robert M. Goldstein for David Forlizzi.

Michael B. Roitman, for Fred Battista, was present but did not argue.