RESCRIPT
*348 **1004 The Commonwealth appeals from the judgment of a single justice of this court denying its petition for relief from an interlocutory order of the Juvenile Court. We reverse.
Background. Acting on information provided by a confidential informant, the Boston police apprehended, searched, and arrested the juvenile, D.M., on firearm-related charges.[1] Before a pretrial suppression hearing in the Juvenile Court, the juvenile sought an order requiring the Commonwealth to disclose the identity of its informant and other related information. The Commonwealth asserted that it was privileged not to disclose the information, see Commonwealth v. Bonnett, 472 Mass. 827, 846-847, 37 N.E.3d 1064 (2015), because disclosure would jeopardize the informant's safety. It averred that the informant was not a percipient witness to the juvenile's arrest, and that the juvenile had not met his burden of demonstrating that disclosure was required. After a hearing, the judge allowed the juvenile's motion. The judge determined that the Commonwealth properly had asserted an informant privilege, and that the juvenile adequately had challenged the assertion of the privilege on the ground that it interfered with his right to present a defense. See id. at 846, 37 N.E.3d 1064. The judge concluded that the "informant's identity and concomitant information are sufficiently 'relevant and helpful to the defense of an accused' that it must be disclosed." Id. at 847, 37 N.E.3d 1064, quoting Commonwealth v. Dias, 451 Mass. 463, 468, 886 N.E.2d 713 (2008). The Commonwealth thereafter filed a G. L. c. 211, § 3, petition in the county court, seeking reversal of the interlocutory ruling and arguing that the judge erred in allowing the juvenile's motion. The single justice denied the petition, and the Commonwealth appeals from that judgment.[2]
*349 **1005 Discussion. The Commonwealth's privilege not to disclose the identity of a confidential informant "has long been recognized in this Commonwealth." Dias, 451 Mass. at 468, 886 N.E.2d 713. It is meant to "encourage 'every citizen' in his 'duty ... to communicate to his government any information which he has of the commission of an offense against its laws." Commonwealth v. Swenson, 368 Mass. 268, 276, 331 N.E.2d 893 (1975), quoting Worthington v. Scribner, 109 Mass. 487, 488 (1872). The privilege may be raised where "the Commonwealth otherwise would be required to provide an informant's identity to a defendant as part of its discovery obligations." Bonnett, 472 Mass. at 846, 37 N.E.3d 1064. See Commonwealth v. Hernandez, 421 Mass. 272, 274, 656 N.E.2d 1237 (1995). The determination whether the information may remain confidential occurs in a two-stage process. See Bonnett, supra. At the preliminary stage, the trial judge first evaluates whether the Commonwealth properly invoked the privilege. Id. at 846-847, 37 N.E.3d 1064 (privilege may be asserted "only where disclosure would endanger the informant or otherwise impede law enforcement efforts"). According to the judge's findings in this case, when the juvenile was apprehended, he was in the company of another person. Both the juvenile and the other person were identified as being involved with gang activity. The other person had a "long history of convictions," as well as a pending firearm case. The Commonwealth alleged that disclosure of the identity of the informant would endanger that person. On these facts, the judge was warranted in concluding that the Commonwealth properly invoked its privilege. Bonnett, supra at 845, 37 N.E.3d 1064.
**1006 The preliminary stage of the analysis has a second part, however. As to that part, as well as at the second stage, the judge's analysis was flawed: the judge failed to evaluate the juvenile's need for disclosure in the context of a preliminary hearing, as opposed to at the trial itself. See Commonwealth v. Amral, 407 Mass. 511, 518, 554 N.E.2d 1189 (1990). With respect to the second part of the preliminary stage, a defendant is required to request that the Commonwealth's privilege be set aside, because it "interferes with a fair defence." Bonnett, 472 Mass. at 847, 37 N.E.3d 1064, quoting *350 Commonwealth v. Johnson, 365 Mass. 534, 544, 313 N.E.2d 571 (1974), S.C., 372 Mass. 185, 361 N.E.2d 212 (1977). We have characterized a defendant's obligation at this juncture as "relatively undemanding," Bonnett, supra, but it does require the defendant to articulate a basis sufficient for the judge to "assess the materiality and relevancy of the disclosure to the defense, if that relevancy is not apparent from the nature of the case." Id., quoting Commonwealth v. Kelsey, 464 Mass. 315, 323, 982 N.E.2d 1134 (2013). Although the judge concluded that the juvenile had satisfied that standard, he failed to recognize that the standards of disclosure are more demanding where, as here, the disclosure is sought for pretrial purposes. See Hernandez, 421 Mass. at 275, 656 N.E.2d 1237 ; Commonwealth v. Lugo, 406 Mass. 565, 574, 548 N.E.2d 1263 (1990).
Likewise, at the second stage of the analysis, it was the judge's obligation to determine whether the "informant's identity and concomitant information are sufficiently 'relevant and helpful to the defense of an accused' " to require disclosure (citation omitted). Bonnett, 472 Mass. at 847, 37 N.E.3d 1064. Again, in making the determination that the Commonwealth's privilege should give way, the judge failed to distinguish between "the need for disclosure at a pretrial suppression hearing and at the trial proper." Lugo, 406 Mass. at 570-571, 548 N.E.2d 1263 ("nondisclosure is rather readily countenanced at pre-trial hearings, but not so at the trial itself"). See Commonwealth v. Madigan, 449 Mass. 702, 706 n.8, 871 N.E.2d 478 (2007), quoting Commonwealth v. Snyder, 413 Mass. 521, 532, 597 N.E.2d 1363 (1992) ("[n]ondisclosure of a source of information that bears on a preliminary question, such as the suppression of evidence, 'is more readily tolerated than the nondisclosure at trial of a source of evidence, where guilt or innocence is directly involved' "); Snyder, supra (mere possibility that disclosure of informant identity might be helpful on preliminary question, such as suppression of evidence, not sufficient to require disclosure); Amral, 407 Mass. at 517-518, 554 N.E.2d 1189.
The distinction between "a demand for disclosure at a pretrial hearing, where the issue is probable cause for arrest or search, and a demand for disclosure at trial, where the issue is the defendant's ultimate guilt or innocence," is an important one that long has been maintained. See Madigan, 449 Mass. at 706 n.8, 871 N.E.2d 478. Because the judge's analysis conflated the two standards, and in light of the two important but distinct public policies at issue, the analytical error should not stand. See Commonwealth v. Shaughessy, 455 Mass. 346, 355, 916 N.E.2d 980 (2009). While we recognize that a trial judge has considerable discretion in striking a balance, exercise of that discretion must be within the confines of the correct legal framework. See Hernandez, 421 Mass. at 276, 656 N.E.2d 1237 ; Johnson, 365 Mass. at 545, 313 N.E.2d 571. See also Dias, 451 Mass. at 468-469, 886 N.E.2d 713. In these exceptional circumstances, we conclude that the single justice abused her discretion in declining to employ the court's power of superintendence to rectify the error.
Conclusion. The judgment of the single justice is set aside, and the case is remanded to the county court for entry of a judgment, pursuant to **1007 G. L. c. 211, § 3, vacating the disclosure order and remanding for reconsideration of the juvenile's motion in light of this opinion.
So ordered.
The juvenile was charged by complaint in the Juvenile Court, and has been indicted as a youthful offender, under G. L. c. 119, § 54, on the charge of possession of a firearm without a license, in violation of G. L. c. 269, § 10 (a ).
The decision to employ the court's extraordinary power of general superintendence to review an interlocutory order of the trial court is entrusted to the single justice's sound discretion. The power should be exercised sparingly and reserved for circumstances that are extraordinary. Although we conclude that the single justice abused her discretion in declining to exercise the power in this case, we reiterate that "[n]o party, including the Commonwealth, should expect this court to exercise its extraordinary power of general superintendence lightly." Commonwealth v. Richardson, 454 Mass. 1005, 1006, 907 N.E.2d 642 (2009). See Commonwealth v. Cook, 380 Mass. 314, 319, 403 N.E.2d 363 (1980). We do so here only because, for reasons we shall explain, the Commonwealth has demonstrated that exceptional circumstances require our intervention. See Commonwealth v. Forlizzi, 473 Mass. 1017, 1018, 42 N.E.3d 1131 (2016) ; Commonwealth v. Tobias T., 462 Mass. 1001, 1001, 965 N.E.2d 813 (2012).
This does not mean that a single justice is required to review, pursuant to G. L. c. 211, § 3, the substantive merits of every confidential informant disclosure order. To the contrary, disclosure of information relating to confidential informants and witnesses does not in and of itself constitute exceptional circumstances. Compare Commonwealth v. Jordan, 464 Mass. 1004, 1005, 980 N.E.2d 454 (2012) (vacating trial court order requiring disclosure), with Forlizzi, 473 Mass. at 1018, 42 N.E.3d 1131. In Forlizzi, for example, we concluded that "[t]he Superior Court judge's determination that disclosure [was] 'relevant and helpful to the defense of an accused' ... is precisely the type of routine interlocutory ruling for which review under G. L. c. 211, § 3, ordinarily is not warranted." Forlizzi, supra, quoting Commonwealth v. Kelsey, 464 Mass. 315, 323, 982 N.E.2d 1134 (2013). See Commonwealth v. Elias, 463 Mass. 1015, 1016 n.2, 978 N.E.2d 772 (2012) ; Commonwealth v. Snow, 456 Mass. 1019, 1020, 924 N.E.2d 744 (2010) ("interests regarding witness safety, 'as important as they are, do not always give rise to the type of 'exceptional circumstances' that warrant the exercise of this court's supervisory powers"). Here, we are persuaded that the single justice "made 'a clear error of judgment in weighing' the factors relevant to the decision [to deny review] ... such that her decision falls outside the range of reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27, 20 N.E.3d 930 (2014).
Matter of a John Doe Grand Jury Investigation, 410 Mass. 596, 599, 574 N.E.2d 373 (1991), is not to the contrary. Properly understood in the context of that case, the court's observation that "if the motion judge's order was unlawful, the single justice had no discretion to deny the Commonwealth relief," id., simply reflects its understanding that the single justice had reached and reviewed the merits of the order. In other words, if a single justice exercises discretion to review the substantive merits and finds the lower court's ruling to be wrong, he or she must then correct it.