NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13341

COMMONWEALTH  vs.  JONATHAN GANDIA.


May 19, 2023.


Practice, Criminal, Discovery, Disclosure of identity of
     informer.  Privileged Communication.  Evidence, Informer,
     Privileged communication, Relevancy and materiality.


     This case is one of two that we decide today in which the
Commonwealth seeks relief from a trial court order requiring it
to disclose information regarding a confidential informant.  See
Commonwealth v. Whitfield, 492 Mass.     (2023).[1]  For the
reasons discussed infra, we conclude that the motion judge
abused her discretion by failing to conduct the two-stage
inquiry applicable to such motions.  See id. at     ;
Commonwealth v. Bonnett, 472 Mass. 827, 846 (2015), S.C., 482
Mass. 838 (2019).  We further conclude that, based on the

_____

     [1] This case comes before us on a reservation and report by a
single justice of the Commonwealth's petition pursuant to G. L.
c. 211, § 3.

undisputed documentary record in this case, disclosure of the identity[2] of the confidential informant is unwarranted.[3]

1. <u>Facts</u>. We summarize the facts as found by the motion judge, supplemented by undisputed facts from the record.[4] See <u>Whitfield</u>, 492 Mass. at    . On November 10, 2021, the confidential informant in this case, who was a registered informant with the Springfield police department's firearms investigation unit (FIU), contacted police to report observations of drug transactions occurring in that city. The informant's identity was known to a captain in the Springfield police department and other supervisory officers in the FIU, as the informant previously had provided information resulting in the issuance of numerous search warrants resulting in seizures of firearms, "crack" cocaine, heroin, and large sums of cash.

On this occasion, the informant notified Springfield police Officer Felix Aguirre that a man named "John" was dealing crack cocaine at a certain building on School Street (building). The informant described John as having a large beard and wearing a black hooded sweatshirt, black pants, and a matching black hat backward. The informant explained that John was carrying crack cocaine and money in a black "fanny pack" and that he was driving a white Dodge Durango sport utility vehicle (SUV) with black accents and distinctive black rims. The informant stated that the SUV was parked at the corner of School and Temple

---

[2] In the defendant's motion for disclosure, he requested the informant's name and address, as well as additional information relating to the informant's interactions with law enforcement. The motion judge allowed the motion "for disclosure of the identity of the Commonwealth's [i]nformant," and on appeal, both parties treat the order as one ordering disclosure of the informant's identity only. Should the defendant renew his request for information short of name and address, the motion judge should assess the request in accordance with the principles we reaffirm today in <u>Commonwealth</u> v. <u>Whitfield</u>, 492 Mass.    ,    (2023).

[3] We acknowledge the amicus brief of the Massachusetts Association of Criminal Defense Lawyers.

[4] The Commonwealth's unopposed motion to supplement the record pursuant to Mass. R. A. P. 8 (e), as appearing in 481 Mass. 1611 (2019), to include the transcript dated May 10, 2022, from the hearing in the District Court on the defendant's motion for disclosure, is allowed.

Streets, which Aguirre knew from his prior experience to be a high crime area where police have received numerous complaints for "open air drug dealing."

Aguirre went to the intersection of School and Temple Streets, where he observed the SUV parked at the corner, as the informant described. Based on the SUV's registration information, Aguirre determined that the SUV was registered to the defendant,[5] Jonathan Gandia, whose driver's license had been suspended. Aguirre and Springfield police Detective Robert Patruno, who had arrived at the scene and observed the defendant, compared the defendant's photograph on file in the registry of motor vehicles with the appearance of the individual they believed to be John, and determined that John was the individual in the photograph.

Other FIU officers arrived in the area of School and High Streets and began conducting surveillance. They witnessed the defendant come and go from the doorway of the building, converse with people in the entryway, and admit them to the building or follow them in and then follow behind them when they left a few minutes after entering. Through their observations, the officers determined that the defendant's actions were consistent with "open air drug dealing."

While officers were conducting surveillance, Aguirre remained in constant communication with the informant. At one point, the informant told Aguirre that the defendant was preparing to leave the building. The informant then mentioned that he had observed the defendant make a drug transaction, during which time the defendant had "shown a large amount of crack cocaine in a clear plastic bag and had placed it into his fanny pack." When the defendant got into and started his SUV, officers surrounded him, ordered him out of the vehicle, pat frisked and arrested the defendant, and recovered crack cocaine and cash.

2. <u>Prior proceedings</u>. On November 12, 2021, a District Court judge issued a criminal complaint against the defendant, charging him with trafficking in cocaine, a class B drug, of eighteen grams or more, but less than thirty-six grams, in violation of G. L. c. 94C, 32E (<u>b</u>) (1), and unlicensed operation of a motor vehicle in violation of G. L. c. 90, § 10. On

---

[5] Although the Commonwealth commenced this action by filing a petition in the county court, for convenience we refer to the respondent as the "defendant."

February 23, 2022, the Commonwealth moved to amend the trafficking charge to possession with intent to distribute a class B controlled substance in violation of G. L. c. 94C, § 32A (a), which motion was allowed.

On May 6, 2022, the defendant, through counsel, moved for disclosure of the informant's name and address, as well as details relating to the informant's credibility, such as how long police and other law enforcement agencies had employed the informant, the number of investigations in which the informant participated, and any compensation the informant received, including charge reductions, changes in custodial status, and immunity offered in exchange for testimony. A hearing was held on the motion for disclosure; no witnesses testified at the hearing. The judge subsequently issued an order allowing the defendant's motion to disclose the identity of the Commonwealth's informant. The Commonwealth filed a motion to stay in the District Court, so that it could pursue a G. L. c. 211, § 3, petition, which motion was allowed; and on July 18, 2022, the Commonwealth filed its petition for relief from the order of disclosure in the county court. The defendant opposed the motion. A single justice of this court stayed the trial proceedings and subsequently reserved and reported the matter to the full court.

3. Discussion. We review a motion judge's order requiring disclosure of the identity of a confidential informant for an abuse of discretion. Whitfield, 492 Mass. at    . Where the motion judge's factual findings are based solely on documentary evidence, we afford them no deference. Id. at    .

As a matter of substantive law, this case is governed by the legal framework that we clarify and reaffirm today in Whitfield, 492 Mass. at    . See Bonnett, 472 Mass. at 846. Under that framework, a motion judge must apply a two-stage inquiry to a motion for disclosure of the identity of a confidential informant:

"In the first stage of the analysis, a court makes a preliminary determination whether the Commonwealth properly asserted the informant privilege, see Mass. G. Evid. § 509(a)(1), and if so, whether the defendant has met his or her burden to challenge the Commonwealth's invocation of the privilege by establishing 'an impermissible interference with [the defendant's] right to present a defense.' Bonnett, supra. The informant privilege may be asserted by the Commonwealth where the Commonwealth

otherwise would be required to provide an informant's identity to a defendant as part of its discovery obligations under Mass. R. Crim. P. 14[, as appearing in 442 Mass. 1518 (2004)]. See id., quoting [Roviaro v. United States, 353 U.S. 53, 59 (1957)]. Should a defendant wish to overcome the informant privilege, the defendant bears the burden of challenging the Commonwealth's assertion. [Commonwealth v. Dias, 451 Mass. 463, 464 (2008)]. 'We have characterized a defendant's obligation at this juncture as "relatively undemanding," but it does require the defendant to articulate a basis sufficient for the judge to "assess the materiality and relevancy of the disclosure to the defense, if that relevancy is not apparent from the nature of the case."' [Commonwealth v. D.M., 480 Mass. 1004, 1006 (2018)], quoting Bonnett, supra at 847.

"Only if both the Commonwealth and the defendant have met their burdens in the initial stage should a judge then proceed to the second stage of the analysis, where the judge must 'decide whether the informant's identity and concomitant information are sufficiently "relevant and helpful to the defense of an accused" that it must be disclosed.' Bonnett, 472 Mass. at 847, quoting Dias, 451 Mass. at 468. This determination necessitates a balancing of 'the public interest in protecting the flow of information against [the defendant's] right to prepare his [or her] defense.' Bonnett, supra at 847-848, quoting Roviaro, 353 U.S. at 62. The inquiry at the balancing stage must be case-specific: '[w]hether a proper balance renders nondisclosure erroneous must . . . tak[e] into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' Roviaro, supra. Where disclosure (1) is sufficiently 'relevant and helpful to the defense of an accused' or (2) 'is essential to a fair determination of a cause, the privilege must give way.' Dias, supra, quoting Roviaro, supra at 60-61."

Whitfield, supra at      .

Here, it is undisputed that the motion judge failed to conduct this two-stage inquiry. This was an abuse of discretion. See Bonnett, 472 Mass. at 850 (remanding for further proceedings "to conduct the requisite 'orderly appraisal'" of factors relevant to motion for disclosure of informant's identity). Moreover, for the reasons discussed

infra, we conclude that it is apparent on the undisputed record before us that disclosure is unwarranted under the applicable legal framework.

First, the Commonwealth properly asserted the informant privilege, where it raised sufficient concern for the safety of the informant should his or her identity be disclosed and it asserted that revealing the identity of the informant would have a "chilling effect" on such informants in other cases making it "unlikely that they would continue to participate in investigations." The defendant argues that the Commonwealth's invocation of the privilege is insufficient because it fails to offer "specific" and "tangible" safety concerns in the circumstances of this case. We disagree. Here, the Commonwealth argued that disclosure would place the informant in danger where the informant had provided numerous tips to the Springfield police department in the past, leading to the seizure, pursuant to warrants, of various forms of contraband, including firearms. This was sufficient to invoke the privilege. See D.M., 480 Mass. at 1005 (privilege properly asserted where informant's prior involvement in firearms cases would result in danger to informant if identity revealed).

Next, we conclude that, in the circumstances of this case, the defendant has met his "relatively undemanding" burden at the initial stage of the inquiry to show that the informant's identity is material and relevant to his defense at trial, see Bonnett, 472 Mass. at 847; Commonwealth v. Kelsey, 464 Mass. 315, 323 (2013), where the informant was present during the events leading up to the defendant's arrest, and the defendant asserts that the informant is the only nongovernment witness with the potential to rebut the police officers' anticipated testimony -- arguably relevant to the element of intent to distribute -- that people were entering and leaving the surveilled premises in a manner consistent with drug dealing.[6]

---

[6] To the extent the defendant relies on it, we reject the motion judge's reasoning that disclosure is warranted because the informant in this case is "essential" to a determination of probable cause in connection with a potential motion to suppress. Probable cause for the defendant's arrest and the search of his vehicle arose when, on learning that the defendant did not have a valid driver's license, officers observed him get into the vehicle and engage the ignition. See Commonwealth v. Uski, 263 Mass. 22, 24 (1928) (any intentional act setting in motion power of vehicle constitutes operation of vehicle within

However, for the reasons discussed infra, we conclude that the requisite balancing of the interests leads to the conclusion that disclosure of the informant's identity is unwarranted.

At the second stage of the inquiry, a judge must assess whether the informant's identity sufficiently is "relevant and helpful to the defense of an accused" to require disclosure. D.M., 480 Mass. at 1006, quoting Bonnett, 472 Mass. at 847. As stated supra, in making this determination, a judge must "balance[] . . . the public interest in protecting the flow of information against the individual's right to prepare his [or her] defense" and consider "the crime charged, the possible defenses, the possible significance of the [privileged] testimony, and other relevant factors" (citation omitted). Bonnett, supra at 848. Accordingly, the inquiry at this stage boils down to "whether disclosure would have provided material evidence needed by the defendant for a fair presentation of his case to the jury." Commonwealth v. Madigan, 449 Mass. 702, 706 (2007), quoting Commonwealth v. Lugo, 406 Mass. 565, 574 (1990).

Here, as the motion judge recognized, "[t]he informant in this case did not participate in the crime charged." That is, proof of the crime charged does not require proof of any of the drug transactions that the informant is alleged to have witnessed. Rather, the Commonwealth proposes to prove the crime charged -- possession with intent to distribute -- primarily by presenting evidence that twenty-two grams of crack cocaine and $2,500 of cash were seized in connection with the search following the defendant's arrest. See Commonwealth v. Sepheus, 468 Mass. 160, 164-166 (2014) (large amount of narcotics and cash can support inference of intent to distribute).

This case therefore is governed by our well-settled precedents holding that the identity of a mere "tipster" need not be disclosed. See, e.g., Commonwealth v. Barry, 481 Mass.

---

statute governing offense of operation of vehicle while under influence of intoxicating liquor). Moreover, as we have observed, there is a significant distinction between "a demand for disclosure at a pretrial hearing, where the issue is probable cause for arrest or search, and a demand for disclosure at trial, where the issue is the defendant's ultimate guilt or innocence." D.M., 480 Mass. at 1006, quoting Commonwealth v. Madigan, 449 Mass. 702, 706 n.8 (2007). See Commonwealth v. Lugo, 406 Mass. 565, 571 (1990) ("nondisclosure is rather readily countenanced at pre-trial hearings, but not so at the trial itself" [citation omitted]).

388, 409-411, cert. denied, 140 S. Ct. 51 (2019) (disclosure not warranted where informant was not percipient witness to crime and was "merely relaying inadmissible, immaterial 'word on the street' information about the [crime]"); Commonwealth v. Maldonado, 456 Mass. 1012, 1012-1013 (2010) (potential testimony of tipsters as to information provided hours before, and ultimately leading to, defendant's stop was insufficient to warrant disclosure of tipsters' identity); Commonwealth v. Brzezinski, 405 Mass. 401, 408 (1989) (disclosure of tipster's identity not required where informant neither participated in crime charged nor was present during execution of search warrant or seizure of contraband found in search). The defendant argues that this case is distinguishable from those cases because the Commonwealth also intends to offer the testimony of the surveilling officers regarding the actions they observed to be consistent with drug dealing, as additional evidence demonstrating intent to distribute. Admittedly, the informant witnessed at least some of the activity that will be the subject of the officers' testimony. However, where the benefit of impeaching the officers' testimony on this point would be marginal at best, and where there is nothing to suggest that the informant in fact would testify in a manner helpful to the defendant, the defendant's interest in exploring this line of questioning is insufficient to outweigh the government's interests in protecting the informant's identity from disclosure. In other words, we conclude, after balancing the interests involved, that the information sought is not sufficiently material or relevant to the defense to warrant disclosure of the informant's identity in the face of the Commonwealth's assertion of the privilege. See Bonnett, 472 Mass. at 847, citing Roviaro, 353 U.S. at 60-61.

4. Conclusion. For the reasons discussed supra, we conclude that the motion judge abused her discretion by failing to conduct the two-stage inquiry applicable to motions for disclosure of information subject to the Commonwealth's assertion of the informant privilege. Moreover, based on the undisputed record before us, disclosure of the informant's identity is unwarranted under the applicable legal standard. Accordingly, we remand the case to the county court for entry of a judgment reversing the motion judge's disclosure order and remanding the matter to the trial court for further proceedings consistent with this opinion.

So ordered.

Michael W. Locke, Assistant District Attorney, for the Commonwealth.

Joseph N. Schneiderman for the respondent.

Luke Ryan, Molly Ryan Strehorn, & Joshua M. Daniels, for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.